## Davis Pickens *vs.* Horace Hathaway.

To an action on a contract made by the plaintiff with the defendant it is no defence that the contract has been colorably assigned to a third person by the plaintiff for the purpose of defrauding his creditors with the defendant's knowledge.

Contract on an agreement for carting stone for the defendant. In the superior court, the case was referred to an auditor, whose report the plaintiff introduced in evidence at the trial and rested his case. The defendant offered no evidence; *Rockwell, J.,* ruled that the plaintiff was entitled to recover a sum found by the auditor to be due from the defendant on the contract, and directed a verdict for the plaintiff which was returned; and the defendant alleged exceptions   The pleadings, and the facts

found by the auditor, so far as they are material, are stated in the opinion.

*E. H. Bennett,* (*H. J. Fuller* with him,) for the defendant.

*J. Brown & C. A. Reed,* for the plaintiff, were not called upon.

COLT, J.   The facts that appear material to the questions raised in this case, as found by the auditor, are, that a valid, existing executory contract, by which the plaintiff was to supply a certain quantity of stone and the defendant pay a certain price for the same, was colorably transferred or assigned to one Downing, while its performance by the plaintiff was in progress, for the purpose of preventing any moneys that might become due thereon from being attached by the plaintiff's creditors; that this was known to Downing and the defendant, or that they had good reason to know it; and that thereafter the plaintiff continued to be the actual principal in executing the contract, until the defendant refused to allow him to deliver any more stone under it, telling him at the same time that he would pay him the balance due for stone already drawn.

These facts do not sustain the defence stated in the answer, to the effect that there had been a novation of this contract, and a substitution of Downing for the plaintiff, so as to entitle Downing alone to maintain an action against the defendant. Mere knowledge on the part of the defendant of the proposed substitution would not be sufficient.   There must be proof of his express assent to the arrangement.   The arrangement might have amounted to a valid assignment of the contract, with notice to the defendant, so as to give the assignee an equitable interest in it which the courts will protect.   Still the action must be brought upon it in the name of the assignor.   For aught that appears, it may be either that the action is prosecuted by the present nominal plaintiff for the benefit of the assignee, or the assignee has no longer any equitable interest which he wishes to protect.   At all events he does not now interpose or make any claim upon the defendant.   *Derby* v. *Sanford,* 9 Cush. 263. *Gibson* v. *Cooke,* 20 Pick. 18.                    *Exceptions overruled.*