WHIPPLE CASWELL & another *vs.* HENRY FELLOWS.

In an action to recover a debt to which the defence was that the plaintiffs accepted the oral promise of a third person to pay the debt in satisfaction thereof, the judge ruled that if such third person, in consideration of the plaintiffs' release of the defendant, promised to pay the debt, and the plaintiffs accepted the promise in substitution for the defendant's liability, they could not recover; but that if the third person made a naked promise to pay the debt, and the plaintiffs did not, in consideration of the promise, absolutely discharge the defendant, or if the third person assented to a request of the defendant that he would pay the debt, the defendant would remain liable until the debt was paid. *Held,* that the plaintiffs, who asked for no specific instructions, had no ground of exception.

CONTRACT on a judgment against the defendant. At the trial in the Superior Court, before *Brigham*, C. J., the defendant admitted that the judgment was not paid, but introduced evidence tending to show that the plaintiff, the defendant, and William A. Millard, a debtor of the defendant, met together, and that it was orally agreed between them that Millard should assume and pay the amount of the judgment, that the defendant should discharge Millard's indebtedness to him to the amount so paid, and that the plaintiffs should discharge the defendant from all liability on the judgment. The plaintiffs introduced evidence tending to show that at the meeting the plaintiffs agreed to discharge the defendant's liability on the judgment only when the amount of the judgment should be paid.

The judge instructed the jury that, "to support the defence of payment of the judgment, the defendant must prove by a preponderance of evidence that Millard, in consideration of his indebtedness to the defendant, together with the plaintiffs' absolute release and discharge of the defendant's debt to them, agreed to pay that debt, and thereupon the plaintiffs accepted his promise to pay the debt, in substitution for the defendant's liability to

them for the same debt; but that if a naked promise was made by Millard to pay the debt of the defendant, not carried into effect by an actual payment, the plaintiffs not absolutely discharging the defendant from said debt in consideration of such promise, or if the defendant requested Millard to pay his debt to the plaintiffs out of money due to the defendant from Millard, and Millard assented to such request and agreed to comply with it, such request and agreement would not operate as a discharge of the defendant's liability to pay such debt to the plaintiffs until such debt was absolutely paid by Millard to the plaintiffs.

The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*N. H. Bixby*, for the plaintiffs.

*A. J. Waterman*, for the defendant.

COLT, J. From the course of the trial and the evidence reported in this case, it is evident that the only controversy before the jury related to the terms of the alleged agreement of substitution made when the parties were together; the defendant contending that the promise of Millard to pay was then accepted in satisfaction of the plaintiff's judgment against him, and the plaintiffs claiming that it was to be satisfied only by Millard's future payment of the money. In other words, the dispute was whether there was, with the plaintiffs' assent, a substitution thus made of Millard's debt to the defendant for the defendant's liability on the judgment.

The instructions which were given to the jury were subject to some criticism at the argument, but, as explained by the state of the evidence and the undisputed facts, we think them, in the absence of any request for specific instructions, sufficiently favorable to the plaintiffs. The jury were told in substance that the plaintiffs' acceptance of Millard's promise in substitution for the defendant's liability to them, which promise was made in consideration of his debt to the defendant, or for other considerations named, would amount to an extinguishment of the plaintiffs' judgment, and support the defence of payment; to which it was added that a naked promise by Millard, not carried into effect by payment, with no discharge from the plaintiffs of the defendant's

debt, or a mere request from the defendant to Millard to pay this debt out of money due him, to which Millard assented, would not operate as a discharge of the defendant's liability to the plaintiffs. The jury could not have been misled by these instructions, and must have found that by the agreement of all the parties Millard was discharged from his liability to his original creditor, the defendant, by contracting a new debt in favor of the plaintiffs, whose original claim against the defendant was to be extinguished by the substitution, or, as it is more commonly called in the civil law, by the novation agreed upon. The law gives effect to such a transaction, and enforces the unwritten agreement of the parties, which has sufficient consideration to support it in the extinguishment of the original liability. *Wood* v. *Corcoran,* 1 Allen, 405. *Furbish* v. *Goodnow,* 98 Mass. 296. *Pickens* v. *Hathaway,* 100 Mass. 247. 1 Parsons on Con. *c.* 13, and cases cited.

Upon the whole, we are not satisfied that the verdict in this case should be disturbed. *Exceptions overruled.*