[No. 5871.]

TEMPLE ET AL. V. THE TELLER LUMBER COMPANY.

1. **Pleadings—Answer—What Must Be Specially Pleaded—** It seems that a novation by which one originally liable is discharged must be specially pleaded.—(499)

2. **Novation—**There can be no effectual novation without the assent of the creditor.—(499)

3. **Appeals—What May Be Assigned for Error—**Objections not taken below will not be considered.—(499)

4. **Misjoinder of Parties Defendant—**Two corporations being liable upon an account for the same indebtedness, the creditor may sue either or both; and may unite with the two the directors of one, who, by failing to file the annual report, have become

personally liable for the debt, and may proceed to judgment against individual defendants, and their corporation, discontinuing as to the other.—(501)

5. **Harmless Error**—Sustaining an objection to a question which is allowed in another form is harmless error.—(501)

So, refusing to allow the cross-examination of a witness who testifies to what is, in effect, conceded by all parties.—(501)

6. **New Trial—Newly-discovered Evidence**—A new trial will not be awarded to enable the defeated party to produce testimony which, by reasonable activity, might have been presented at the trial.—(502)

*Appeal from Teller District Court*—Hon. Robert E. Lewis, Judge.

Mr. C. C. Butler, for appellants, and Mr. W. O. Temple, *pro se.*

No appearance for appellee.

Mr. Justice Campbell delivered the opinion of the court:

This is an action by The Teller Lumber Company against two domestic corporations designated in the record as the Reduction Company and the Homestake Company, for a balance due upon an open account for lumber and other merchandise sold and delivered to them by the plaintiff. The individual directors of the Reduction Company are joined as defendants and judgment is also asked against them upon the ground that, as such officers, they failed to file the annual report of their company as the statute provides. The trial was to the court without a jury and the judgment rendered dismissed the Homestake Company from the action, and went in plaintiff's favor against the Reduction Company and its directors, from which judgment against them they have appealed.

It is doubtful if such objections were made or exceptions taken at the trial by defendants, who are

appellants here, as will enable them, under our rules of practice, to be heard upon their assignments of error, which, also, are of questionable validity. There is no appearance here for the appellee, but our examination of the record leads us to the conclusion that the judgment must be affirmed, upon the assignments argued by appellants' counsel, assuming that they are in a position to be heard upon them.

1.   It is first contended that the original debt to the plaintiff for the merchandise sold by it to the Reduction Company has been discharged as a result of a novation and substitution.   The Reduction Company sold and transferred its corporate property to the Homestake Company, and as part of the purchase price the vendee, it is said, agreed to pay this debt. For the purposes of this branch of the case, it may be taken as true that such payment was assumed. We observe, first, that the answer of the Reduction Company is merely a general denial, and it would seem that a novation and substitution, being in the nature of a release or discharge, is new matter and should be specially pleaded.—18 Enc. Pl. & Pr. 89; Bliss on Code Pleading (3d ed.), § 340.   If, however, this defense had been pleaded, the evidence altogether fails to establish it.   There can be no novation and substitution in law unless the original debtor, the original creditor and the new debtor have all entered into such an agreement.—29 Cyc. 1129; 21 Am. & Eng. Enc. of Law (2d ed.) 659.   There is no evidence here either that the Reduction Company, the original debtor, or the plaintiff, the creditor, agreed to the alleged novation and substitution.

2.   Complaint is made that Mr. Walsh, a witness called by the Homestake Company, was permitted by the court to give hearsay testimony.   That may be true, but no such objection was made below.   It is also said that his testimony is insufficient to establish

the defense of the Homestake Company that it had, under its agreement with the Reduction Company, paid to the latter all, and more than, it was bound to pay and, therefore, was not liable to plaintiff. Doubtless the witness Walsh did not have personal knowledge of the various transactions which, it is claimed, operated as a full payment. He did not purport to have such knowledge but, without objection, testified to the contents of the books of the Homestake Company, which are sufficient to establish the point in controversy.

Serious complaint is made of a remark by the presiding judge .with respect to this payment, that the court would take Walsh's testimony on that proposition, since it is asserted to be in conflict with the testimony of Mr. Temple, whose deposition was taken by plaintiff, and which was also offered in evidence by the Reduction Company. We do not perceive the force of the objection. It may be that the court thought that the testimony of Walsh, which consisted largely of a reproduction of what the company books contained, was entitled to more consideration than the recollection of Mr. Temple as to their contents, who admitted that he had not had recent access to them, and who might have been, and doubtless was, honestly mistaken. Our examination, however, of the record fails to disclose any such conflict between the testimony of these two witnesses on this issue as is claimed by appellants in their argument.

3. It is said that the witness Martensen, who was called by the Homestake Company, was not altogether certain that the merchandise for which the action was brought was, as a matter of fact, sold to the Reduction Company. If so, it is not at all important, for that fact was abundantly established by other witnesses whose testimony is uncontradicted, even by the testimony of the individual defendants

who are here with their appeal. A vigorous objection is interposed to the ruling of the court refusing the defendants' attempt to cross-examine the same witness as to whether the goods in question were delivered to the Homestake Company. The court may have erred, technically, in denying to defendants the right to ask the particular question, but it was not prejudicial, for immediately the same question in another form was asked by defendants' counsel and answered by the witness. Besides, the refusal could not be harmful, as throughout the trial it was practically conceded by all parties that the goods in question were sold and delivered by the plaintiff to the Reduction Company.

4. With the evidence as it appears in the record we think the court could not have rendered a different judgment. There was ample proof that the Reduction Company bought these goods; that the balance claimed was due; that the Homestake Company did not buy them, and that, while it agreed to pay, on such demand, as part of the purchase price of property it bought of the Reduction Company, a certain sum, it paid to the vendor all, and more, than it had agreed to pay. But if there were doubt about full payment, we are at a loss to conceive how, on this review in this action, the appellants are entitled to relief, even if the Homestake Company was, equally with the Reduction Company, liable for the original debt. The plaintiff might sue and recover a judgment against either or both as it might see fit, and if the Reduction Company and its officers, for failure to file the annual report, are liable for the debt, they cannot be heard to insist here, as against the plaintiff, that the court made a mistake in not rendering a judgment also against the Homestake Company.

One of the grounds of the motion for new trial is that appellants were surprised at the trial at the

claim of the Homestake Company that it had overpaid its obligation to the Reduction Company. The showing in this respect lacks the fullness and certainty required in such a case. The individual appellants were not present at the trial, but their depositions were taken and read. They were represented by counsel. Had they been present they would have known, as their counsel knew, that the Homestake Company offered evidence in support of this defense. No objection to the evidence was made, and no surprise was then expressed, and no request for postponement to obtain evidence to meet this issue. For aught that appears, appellants, by exercising ordinary diligence of litigants, could have procured for the trial the same evidence which they claimed to have since discovered.

We conclude, with what might well have been the opening observation, that the principal one, if not all, of the questions argued here by appellants is wholly irrelevant and devoid of merit on this review. Plaintiff's demand against these appellants, assuming, as we may, there was no novation of the debt, was abundantly proved. The burden of appellants' complaint is that the judgment did not also go against their codefendant, the Homestake Company. That is something of which the plaintiff might have complained, but did not. This appeal is by those defendants against whom judgment went in plaintiff's favor, not an appeal from the judgment dismissing the Homestake Company from the action. The sole appellee is the plaintiff. The Homestake Company is not made an appellee and has not appeared here. What right have appellants, in this state of the record, on an appeal from a judgment against them in plaintiff's favor, to complain of the judgment of dismissal of a codefendant from which they have not appealed and to which no assignment of errors is

made? That complaint may be the property of the plaintiff, but appellants are not clothed with power to urge it here. Other reasons for our conclusion could be given, but the foregoing are sufficient.

No error prejudicial to appellants appearing, the judgment is affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.

Opinion announced October 4, A. D. 1909; rehearing denied December 6, A. D. 1909.

