JOHN J. CURRAN *vs.* TERRENCE O'DONNELL.

Hampden.    September 23, 1920. — October 14, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract*, What constitutes, Novation.  *Frauds, Statute of.*

In an action of contract, it appeared that the owner of certain property employed the plaintiff to find a purchaser of the property for him, that, after extended negotiations with the defendant, an offer by the owner to sell the property for a certain price was transmitted to the defendant by the plaintiff and was accepted, that the plaintiff was to be paid one third of the purchase price, that the owner's offer was accepted by the defendant at a meeting of the three and at that time the plaintiff agreed to release the owner from his claim for services and commission in consideration of the defendant's promise to pay it, and that the defendant so agreed with the plaintiff, who released the owner, the owner stating that the arrangement was satisfactory to him.  The sale never was consummated.  *Held,* that

(1) The promise by the defendant was for a consideration;

(2) By the agreement of the three parties, a novation was effected by which the owner was discharged from liability to the plaintiff and the defendant by his promise was substituted as the plaintiff's debtor;

(3) The contract was not subject to the provisions of the statute of frauds;

(4) The plaintiff was entitled to recover.

TORT with a declaration in two counts.  Writ dated October 29, 1917.

In the first count of the declaration, the plaintiff alleged "that one Wilfred J. Beaudry was indebted to him in the sum of $233.33, as a commission for, or for services in, procuring the defendant as a customer for the purchase of certain property of said Beaudry; that the defendant, in consideration that the plaintiff would release said Beaudry from said indebtedness, promised and agreed with the plaintiff to pay him said sum of $233.33, in which agreement said Beaudry joined and in consequence of said promise and agreement the plaintiff did release said Beaudry from said indebtedness, and by reason of all of which the defendant became indebted to and owes the plaintiff said sum of $233.33, which sum said defendant has failed and neglected to pay to the plaintiff, although often requested by the plaintiff so to do."  The

second count was for money had and received by the defendant to the plaintiff's use.

The action was tried before *O'Connell*, J. Material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant and reported the case to this court for determination, judgment to be entered upon the verdict if his ruling was correct, and, if the case should have been submitted to the jury, judgment to be entered for the plaintiff in the sum of $233.33 and costs.

*T. D. O'Brien,* for the plaintiff, submitted the case on a brief.

*E. A. Lynch & F. J. O'Neil,* for the defendant, submitted the case without argument or brief.

CROSBY, J. This is an action of contract brought to recover a commission for, or services in, procuring the defendant as a customer for the purchase of certain property of one Beaudry. There was evidence to warrant a finding of the following facts: that Beaudry employed the plaintiff to find a purchaser for the property; that after different terms of sale had been submitted by the plaintiff to the defendant, extending over a period of several months, an offer of sale was finally made at the direction of Beaudry, by the terms of which the latter agreed to accept $700 for his interest in the real and personal estate so offered for sale; that this offer was accepted by the defendant; that the plaintiff was to be paid one third of the purchase price, or $233.33; that at the time the offer was accepted, Beaudry, the defendant and the plaintiff met, and the plaintiff agreed to release Beaudry from his claim for commission and services in consideration of the defendant's promise to pay it; that the defendant agreed to pay the plaintiff, and the latter released Beaudry, who stated that the arrangement was satisfactory to him.

If the jury believed the foregoing evidence, the plaintiff was entitled to recover the amount due him from the defendant. The promise of the defendant was for a consideration. It was a promise to pay to the plaintiff the defendant's own debt which grew out of the transaction, and not the debt of another, for the debt of Beaudry to the plaintiff had then been extinguished by the mutual agreement of the parties; accordingly it was not within the statute of frauds. By agreement of all parties, there was a novation by the terms of which Beaudry was discharged from

liability and the defendant by his promise was substituted as the plaintiff's debtor. *Caswell* v. *Fellows*, 110 Mass. 52. *Eden* v. *Chaffee*, 160 Mass. 225. *Trudeau* v. *Poutre*, 165 Mass. 81, 86. *Griffin* v. *Cunningham*, 183 Mass. 505. The circumstance that the sale from Beaudry to the defendant was never consummated does not affect the rights of the plaintiff, whose contract under the terms of the employment, as the jury could have found, was merely to procure a customer for the purchase of the property, and not to effect a completed sale. *Fitzpatrick* v. *Gilson*, 176 Mass. 477. *Willard* v. *Wright*, 203 Mass. 406, 409.

In accordance with the terms of the report, the verdict ordered for the defendant is set aside, and judgment is to be entered for the plaintiff "for $233.33 and costs."

*So ordered.*