OWEN TIRE COMPANY *vs.* NATIONAL TIRE AND RUBBER
COMPANY & another.

Suffolk.     March 16, 1923. — April 13, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Bills and Notes*, Acceptance. *Contract*, Novation. *Equity Pleading and Practice*,
Findings by judge, Decree. *Equity Jurisdiction*, To reach and apply property
conveyed in fraud of creditors.

At the trial of a suit in equity by one corporation against two others to reach and
apply, in payment of a certain draft drawn by the plaintiff and accepted by the
first defendant, assets of the defendant alleged to have been conveyed by it in
fraud of creditors to the second corporation, the trial judge found that the draft
was given with the understanding that the first defendant would be liable only
for the amount which should be found due to the plaintiff when an accounting
between the parties should be completed, and that the plaintiff and a third
person, not a party to the suit, entered into an agreement by the terms of which
the third person "became liable to the plaintiff for amounts due it from the
defendant and by which the defendant was entitled to a discharge of its debt
by payment by [the third person] in accordance with that agreement" and that
"the parties were acting under the . . . agreement at the time the plaintiff
received the drafts from the defendant." At the date of the draft, the first
defendant owed the plaintiff an amount equal to its face. *Held*, that
   (1) The judge's findings were not to the effect that a novation was effected
substituting the third party for the defendant as to liability to the plaintiff;
   (2) The agreement was no defence to the liability of the defendant for the
amount of the drafts and the plaintiff must prevail;
   (3) The third person not being a party to the suit, no decree could be made
concerning him and no question of the power of the court in equity to adjust
rights under the agreement was open.

BILL IN EQUITY, filed in the Superior Court on October 14,
1920, and afterwards amended, by Owen Tire Company, drawer
of two trade acceptances for $5,000 each, against National Tire
and Rubber Company, drawee and acceptor, to reach and apply
assets of that defendant alleged to have been conveyed in fraud
of creditors to the defendant National Tire & Rubber Co.

Jury issues were framed and were tried before *Keating*, J.,
and exceptions saved at that trial were overruled by this court
in a decision reported in 242 Mass. 375. After rescript the suit
was heard by *Wait*, J. Material findings by the jury at the first
trial are described in the opinion.

The judge made a memorandum of findings as follows:

"And now after a trial before a jury on issues framed by the court, and in accordance with the stipulation of the parties, and after reading the testimony of Abraham Palder and Alvin S. Wilkinson and the exhibits, I find as requested by the defendants:

"1. The two drafts given by the defendant company to the plaintiff were given with the understanding and agreement that. the defendant company would be liable only for the amount: which should be found due to the plaintiff when an accounting between the parties should be completed.

"2. The plaintiff and Palder entered into an agreement by the terms of which Palder became liable to the plaintiff for amounts due it from the defendant company, and by which the defendant company was entitled to a discharge of its debt by payment by Palder in accordance with the agreement.

"3. The parties were acting under the so called Hornblower agreement at the time the plaintiff received the drafts upon the defendant company.

"I conceive myself bound by the findings of the jury upon the issues submitted to them to refuse to find as requested by the defendant company:

"1. The amount of the indebtedness of the defendant company to the plaintiff was at the time the trade acceptances were made, and at the time they became due, less than the amount of the trade acceptances.

"2. The defendant company did not on the date the trade acceptances became due owe the plaintiff an amount equal to the amount of such trade acceptances.

"But if not bound by the jury's findings, I should find as thereby requested. If I should be justified in finding as last. stated, I further find that the balance due from the National Tire and Rubber Company to the plaintiff on the trade acceptances was $8,983.27.

"Let a decree be prepared for the plaintiff in accordance with the prayers of the bill."

The Hornblower agreement referred to in the memorandum of the judge was as follows:

"Mr. W. R. D. Owen,                              "April 29, 1920.
Mr. A. Palder,
        c/o Owen Tire Co.,
            Boston, Mass.
"Gentlemen: —

"My understanding of the agreement which we reached with reference to Mr. Palder's purchase from the Owen Tire Company of the National Tire & Rubber Company and its subsidiary, the United Tire Company, is as follows:

"Mr. Palder will take over the net assets of the National Tire & Rubber Company as of April 30th, that is, he will pay for the difference between the total assets and the total liabilities subject to the following modifications, i. e., he will not pay for

|   |   |   |   |
|---|---|---:|---:|
| 1. | Good will ................. | $16,750 | 00 |
| 2. | Organization expenses ...... | 352 | 18 |
| 3. | Audit.................... | 420 | 00 |
|   |   | $17,522 | 18 |

"Mr. Palder will also liquidate the indebtedness of the National Tire & Rubber Company to the Owen Tire Company which it is expected will be in the neighborhood of $35,000 of [or?] $40,000, to be made as follows: —

    $25,000 Preferred    (par value
    $12,500 Common      for $25,000)
    for Good Will — $10,000 par value Common free
    for balance due Trade Acceptances at Face Value.

"It is understood that Mr. Palder may desire to turn in additional Preferred stock on the basis similar to that described in paragraph above up to and not exceeding $10,000.

"It is also understood that the so called Syndicate will give to Mr. Palder an option on $10,000 par value Common stock of the Owen Tire Company at $2.50 per share up to July 1, 1920 and $3.50 a share up to January 1, 1921.

                        (Signed)        Ralph Hornblower."

"Whereas, Abraham Palder has agreed to buy from the Owen Tire Company all of the stock owned by said company of the National Tire & Rubber Company, and to pay therefor the net value of the assets of the said National Tire & Rubber Company, less the amount of good will and two items of organization ex-

pense and audit, and to deliver to the said Owen Tire Company in lieu of such good will Ten Thousand Dollars ($10,000.) par value of the common stock of the Owen Tire Company; and

"Whereas, the said Owen Tire Company has agreed to sell said stock of the National Tire & Rubber Company to said Abraham Palder upon said terms; and

"Whereas, the said net value of the assets of the National Tire & Rubber Company not having been ascertained, it is agreed by the parties hereto that the said net valuation of assets upon which said stock is bought and sold is the net valuation of such assets on the closing of the business on the night of April 30th, 1920:

"It having been also agreed that the payment for such National Tire & Rubber Company stock is to be made in stock of the Owen Tire Company, and that the stock so delivered and received shall be to the value of said net assets upon the close of said business, payment to be made in the ratio of two shares preferred stock and five shares common stock of the Owen Tire Company for each One Hundred Dollars ($100.) of the net value of such assets.

May 1st, 1920. (Signed) Owen Tire Co.
by W. R. D. Owen, Prest.
Abraham Palder"

The defendant, National Tire & Rubber Co., stipulated that any decree "for payment and execution for such amount if any as shall be established against the defendant National Tire and Rubber Company in favor of the plaintiff upon the drafts set forth in the bill of complaint" might be drawn to run against the defendant National Tire & Rubber Co. as primarily liable.

By order of the judge a final decree was entered that the claim of the plaintiff against the defendant, National Tire and Rubber Company, and against the defendant, National Tire & Rubber Co., was established and determined at the amount of $8,983.27 with interest upon said amount from October 1, 1920, said interest amounting to $1,076.81 and the aggregate sum of principal and interest being $10,060.08, and the defendants severally were directed to pay to the plaintiff that amount, together with costs to the plaintiff against the defendant National Tire & Rubber Co.

The defendants appealed.

*J. E. Crowley,* for the defendants.

*W. R. Buckminster,* for the plaintiff.

CROSBY, J.    This is a bill in equity to enforce payment of two drafts for $5,000 each, drawn by the plaintiff upon the National Tire and Rubber Company and accepted by it; and to reach and apply assets of the latter company alleged to have been transferred in fraud of creditors to the other defendant, the National Tire & Rubber Co.   The case has been before this court. (242 Mass. 375) and exceptions to certain findings made upon issues submitted to a jury were overruled; it is now before us on the defendants' appeal from a final decree.

The findings of the jury upon the issues submitted to them were in effect that the drafts were accepted for the consideration of a prior indebtedness, and not for the plaintiff's accommodation; that no promise was made by the plaintiff not to call for payment of them; that on the respective dates of the drafts the rubber company was owing the plaintiff sums, not otherwise paid or discharged, amounting in each instance to the face of the draft; that subsequently all the defendant company's assets to the value of $35,000 were transferred to the other defendant; that this transfer was made with intent to hinder, delay and defraud creditors.   These findings dispose of the defences that the drafts were accepted for the accommodation of the rubber company, that they were without consideration, and that the plaintiff agreed that it would not call upon the defendant for payment thereof.   The finding that all the assets were transferred in fraud of creditors also disposes of the contention of the defendant National Tire & Rubber Co. to whom the assets of the rubber company were transferred.   It is stipulated by the transferee that it may be decreed to be primarily liable with the company for such sums as may be found due from the latter.

The trial judge ordered that a decree be entered in favor of the plaintiff in accordance with the prayers of the bill, and a final decree has been entered establishing the plaintiff's claim in the sum of $8,983.27 with interest, in all $10,060.08, and directing the defendants severally to pay the same.   Any inconsistency in amount between the decree and the last two findings of the judge is waived by the plaintiff, who has not appealed from the decree.

The record shows that the plaintiff and one Palder entered into a certain agreement, referred to as the "Hornblower agreement," by the terms of which the latter became liable to the plaintiff for the amount due it from the defendant company. The judge's second and third findings relate to this agreement, and the defendant contends that the final decree is not in conformity with the findings.  If these findings were to the effect that there was a novation whereby a substitution of the liability of Palder for that of the defendant company was effected, it would seem that the company would not be liable to the plaintiff; but the findings do not go to that extent.  The company is not found to have been a party to the agreement between Palder and the plaintiff, and the recital in the second finding, "by which the defendant company was entitled to a discharge of its debt by payment by Palder in accordance with the agreement," is not a finding that the defendant company without being a party thereto became bound thereby, or able to enforce it in its own right; (compare *Curran* v. *O'Donnell*, 236 Mass. 357); nor is there anything in the third finding which relieves the defendant from liability. *Owen Tire Co.* v. *National Tire & Rubber Co.* 242 Mass. 375.

The first finding, inferentially to the effect that the company is to be liable to some extent upon the drafts, is inconsistent with any theory that by "acting under the so-called Hornblower agreement" it is intended to describe a novation.

As the company is liable for the amount of the drafts in the sum found due the plaintiff after the accounting, against which liability the agreement is no defence, the plaintiff must prevail. The decree for the amount found due apparently was made after a full allowance for all payments actually made by Palder in stock or otherwise on account of the indebtedness of the company to the plaintiff.  The payments made by Palder were the only legal benefit which the company can have received as a consequence of the agreement, and it follows that there is no analogy, as the defendant contends, to cases where assignees of licenses of patented articles are liable for payment of royalties, *Paper Stock Disinfecting Co.* v. *Boston Disinfecting Co.* 147 Mass. 318; where persons receive funds upon agreement to pay them over to others, *Mellen* v. *Whipple*, 1 Gray, 317; or where transferees

of assets agree to pay all the transferors' creditors, *Forbes* v. *Thorpe,* 209 Mass. 570.

Moreover, as Palder is not a party to this suit and no decree can be made concerning him, no question of the power of the court in equity to adjust rights under the agreement is open. If the company has a right to have the drafts paid by stock, that right is against Palder and does not affect the legal liability of the company to the plaintiff.

*Decree affirmed with costs.*