## WILCOCK et al. v. BAKER.

No. 4237.   Decided June 16, 1925.   (238 P. 253.)

1. TRIAL—INSTRUCTION REQUIRING PROOF OF AFFIRMATIVE DEFENSE BY "CLEAR AND CONVINCING" EVIDENCE HELD PROPERLY REFUSED. In action for purchase price of cattle, instruction requiring defendant to prove his affirmative defense by "clear and convincing evidence" was properly refused since law requires only fair preponderance of evidence.

2. TRIAL—INSTRUCTION HELD PROPERLY REFUSED AS PRECLUDING POSSIBLE VERDICT FOR ONE PLAINTIFF AND AGAINST ANOTHER. Where, in action by two persons for purchase price of cattle, defense was that purchase had been from one only and that debt had been assumed by fourth party to satisfaction of seller, instruction requested by sellers, requiring buyer to prove that sellers entered into agreement with him and fourth party wherein latter agreed to pay sellers and was accepted as their debtor, was properly refused, since it prohibited possible finding in favor of one of sellers and against another.

3. APPEAL AND ERROR—TRIAL—GIVING OF INSTRUCTION, ALLOWING SPECULATION UPON ISSUE SUPPORTED BY NO EVIDENCE, HELD REVERSIBLE ERROR. Where defense to action for purchase price of

cattle was that contract of purchase was with one of plaintiffs only and that fourth party assumed debt to seller to latter's satisfaction, giving of instruction that substitution set up by defendant would be binding on both plaintiffs if it was authorized by the passive one *held* erroneous as permitting jury to speculate on issue unsupported by evidence and reversible error in any event as to one plaintiff since it might have prejudicially affected his rights.[1]

4.  TRIAL—INSTRUCTION ON NOVATION HELD ERRONEOUS AS OMITTING VITAL ELEMENT.  Where defense to action by alleged cotenants for purchase price of cattle was that contract of purchase was with one only and that there had been an agreement amounting to a novation between seller, defendant, and a fourth party, instruction on novation *held* erroneous as omitting element of assumption by new debtor of obligation of original debtor.

5.  TENANCY IN COMMON—COTENANT WITHOUT AUTHORITY TO MAKE AGREEMENT AFFECTING INTEREST OF OTHER.  One cotenant can make no agreement affecting interest of another cotenant in property jointly owned, in absence of express agreement or conduct from which authority might be inferred.[2]

Appeal from District Court, Sixth District, Garfield County; *J. H. Erickson,* Judge.

Action by Edward Wilcock and another against Eugene Baker.  Judgment for defendant, and plaintiffs appeal.

REVERSED and REMANDED, with directions.

*Page & Goulding,* of Panguitch, and *T. A. Hunt,* of Richfield, for appellants.

---

[1] *Davis* v. *Midvale City,* 56 Utah, 1, 189 P. 74; *Bank* v. *Taylor,* 38 Utah, 516, 114 P. 529; *Sagers* v. *International Smelting Co.,* 50 Utah, 423, 168 Pa. 105; *Lockhead* v. *Jensen,* 42 Utah, 99, 129 P. 347.

[2] *Rocky Mountain Stud Farm Co.* v. *Lunt,* 46 Utah, 299, 151 P. 521.

Headnote 1.  38 Cyc. p. 1755.
Headnote 2.  38 Cyc. p. 1633.
Headnote 3.  4 C. J. p. 1036, 38 Cyc. pp. 1617, 1618.
Headnote 4.  38 Cyc. p. 1633.
Headnote 5.  38 Cyc. p. 101.

*Hayes & Heppler,* of Richfield, and *H. A. Rich,* of Salt Lake City, for respondent.

GIDEON, C. J.

It is alleged in the complaint in this case that plaintiffs Edward Wilcock and Don C. Liston, on April 2, 1918, sold to defendant, Eugene Baker, certain range cattle at the agreed price of $5,500 and that no part of the indebtedness has been paid except certain interest. It is also alleged that the debt became due and payable on or before October 1, 1921, and bore interest from October 1, 1917.

The answer denies the purchase from plaintiffs, but admits purchase of certain cattle from Wilcock. As a further or affirmative defense the answer alleges that in the year 1919 defendant sold the cattle so purchased from Wilcock to one Frank Baker by virtue of an agreement to which Wilcock (plaintiff) and Frank Baker were parties; that by the terms of that agreement Frank Baker assumed and agreed to pay the indebtedness due on the cattle; that the assumption of the debt on the part of Frank Baker was accepted by Wilcock and defendant was thereby released and discharged from liability. In short, the defense, is that the original contract was terminated by a new contract whereby Wilcock agreed to accept Frank Baker as his debtor in lieu of Eugene Baker. Judgment, based upon the verdict of the jury, was entered in favor of defendant and against both plaintiffs. The latter appeal. The errors assigned relate to the instructions given the jury and to the refusal of the court to give certain instructions requested by plaintiffs; also the refusal of the court to grant a new trial. The seventh, or last assignment is:

"The court erred in refusing to set aside the order overruling plaintiffs' motion for a new trial and in refusing to permit plaintiffs to file certain affidavits in support of the motion."

The first claimed error is the refusal of the court to give plaintiffs' second requested instruction. That requested instruction is to the effect that the burden was upon defendant

to prove by clear and convincing evidence that plaintiffs entered into an agreement with defendant and Frank Baker wherein Frank Baker agreed to pay plaintiffs and plaintiffs agreed to accept Frank Baker as their debtor, and that, unless the jury so found, their verdict should be for plaintiffs. Plaintiffs were not entitled to have that instruction given, as requested, for two reasons: First, the defendant was not required to prove by "clear and convincing evidence" that an agreement was entered into between plaintiffs, the defendant and Frank Baker. His burden was to prove those facts by a fair preponderance of the evidence; second, from the nature of the joint interest of the plaintiffs, if there was a joint interest, and the conflicting testimony of plaintiffs and defendant respecting such joint interest, the jury might have returned a verdict against the defendant in favor of plaintiff Liston and against his coplaintiff, Wilcock. The instruction was that—

"The burden is upon defendant to prove * * * that plaintiffs entered into an agreement with defendant and with Frank Baker wherein Frank Baker agreed to pay plaintiffs and plaintiffs agreed to accept Frank Baker as their debtor, and, unless you so find, then your verdict must be for plaintiffs."

By reason of the nature and separate interests of plaintiffs in the property, and by reason of defendant's testimony that a contract had been entered into with Wilcock releasing defendant from his obligation, the jury might and could have found that Liston was entitled to recover and that Wilcock was not. Under the requested instruction as above quoted, the jury would have had no option to return a verdict in favor of one of the plaintiffs, but would have been required to render a verdict in favor of both plaintiffs (presumably for the whole amount claimed, as the amount was not in dispute), unless they found that plaintiff Liston, as well as Wilcock, was a party to the agreement releasing defendant. There is no testimony on the part of either plaintiffs or defendant that Liston was either present at or took any part in the negotiations leading up to the agreement of substitution, if such agreement of substitution

was, in fact, entered into. Defendant denied that he ever entered into any contract of purchase with plaintiff Liston, denied that there ever had been any obligation on his part to pay Liston any part of the amount sought to be recovered, and alleged affirmatively that he had settled his obligation for the purchase of the cattle with Wilcock. All of defendant's testimony is to the effect that the new contract or agreement was entered into with Wilcock, and nowhere is there any claim made that Liston was a party to the new agreement. His testimony is that Liston had no interest in the debt.

In the court's tenth instruction the jury were advised that, if they found that Don C. Liston was a joint owner of the cattle with Wilcock and that Liston authorized his coplaintiff to conduct and carry on the business with defendant relative to the disposal of the cattle, then Liston would be bound by any agreement of novation or substitution which might have been entered into by Wilcock. It is vigorously argued that that instruction was misleading; that there is no issue made by the pleadings that Wilcock was an authorized agent of Liston; and that there is no evidence in the record upon which such an instruction could be based. It is therefore strenuously contended that the giving of the instruction was prejudicial error, in that it permitted the jury to speculate upon an issue of fact which was not an issue made by the pleadings, and that to support such issue there was no evidence had it been an issue within the pleadings. We are of opinion that the pleadings are sufficiently broad to include the issue of fact submitted. But not only must an instruction be within the issues joined and made by the pleadings, but it must likewise have as a basis some testimony to support a finding by the jury upon the issue of fact submitted by the instruction. *Davis* v. *Midvale City,* 56 Utah, 1, 189 P. 74; *Bank* v. *Taylor,* 38 Utah, 516, 114 P. 529; *Sagers* v. *International Smelting Co.,* 50 Utah, 423, 168 P. 105; *Lockhead* v. *Jensen,* 42 Utah, 99, 129 P. 347.

The theory of the complaint is founded upon an obligation due to two plaintiffs jointly. Plaintiffs' testimony is all

to that effect. There is nothing in the complaint, nor in the record, indicating that plaintiffs were partners. There is nothing anywhere in the pleadings to indicate just what relationship plaintiffs sustained to each other in this transaction further than that on a date named plaintiffs sold to defendant certain cattle and by reason of such sale defendant is indebted to plaintiffs in the amount named. The testimony nowhere attempts to add any additional or further information than that plaintiffs bought the cattle a short time before the sale to defendant and thereafter sold the identical cattle to defendant. Clearly, there is nothing, in either the pleadings or evidence to show that a partnership, general or limited, existed between plaintiffs. The testimony of defendant on this particular issue is that he assumed no obligation to plaintiffs, jointly or otherwise, but that the only obligation due from the defendant at any time was to Wilcock individually.

We are of the opinion that the objection that there is no evidence in the record upon which instruction No. 10 can be based must be allowed; likewise that the giving of that instruction permitted the jury to speculate upon     3 an issue of fact in the absence of evidence to support any finding or conclusion of the jury thereon. See Utah cases, supra. We are also of the opinion that the instruction submitted an issue of fact upon which a finding might prejudicially affect the rights of plaintiff Liston. In any event, therefore, the judgment against Liston will have to be reversed.

Another assignment is based upon an exception to the court's instruction No. 8. The assignment, stating it in the language of counsel, is as follows:

"Plaintiffs except to instruction No. 8, for the reason that the instruction does not contain all the elements of a novation; and under that instruction, even though the jurors did not find that Frank Baker had promised to pay the obligation, if they found there had been a talk between Wilcock and Eugene Baker, they could return a verdict in favor of the defendant."

The instruction, or that part of it to which the exception relates, is:

"If, therefore, you find from a preponderance of the evidence in this case that during the month of September, 1919, Eugene Baker requested of plaintiff Edward Wilcock his consent to a sale of the cattle in question to Frank Baker, and that Frank Baker should be substituted in the place of defendant as the debtor, and that plaintiff thereupon consented to the sale of the cattle by the defendant and to the substitution of said Frank Baker for the debt, and that thereafter defendant, in pursuance of such consent, made a sale to Frank Baker with the full knowledge and consent of plaintiff, then you are instructed that plaintiff cannot recover in this action, and your verdict should be for the defendant."

It will be seen from the foregoing instruction that a verdict was directed in favor of defendant, regardless of whether Frank Baker, the new debtor, had or had not agreed to the claimed contract of novation, and regardless of whether there was any consideration for such an agreement, and regardless of whether Frank Baker, as to the plaintiffs or either of them, had or had not bound himself to pay the indebtedness. Such was a clear misstatement of the law and a misdirection of the jury. There is no conflict in the authorities that to constitute a contract of novation by which the original debtor is released it is essential that a valid contract or agreement be made between the new debtor and the creditor by which agreement the original debtor is released and the new debtor assumes and undertakes to pay       4 the obligation of the original debtor. Three parties are required to agree or consent to such contract of novation, the original creditor, the original debtor, and the new debtor, or the one that assumes to take the place of the original debtor. Such a contract must be based upon a valid consideration. The instruction, as we have attempted to point out, does not include all of those elements. On the contrary, it seems to direct the jury to return a verdict in favor of the defendant, regardless of whether Frank Baker, the new debtor, consented to the contract of novation, or had obligated himself to pay the indebtedness, or, in fact, was a party to the contract of novation. In our judgment the exception to the instruction was sufficient to direct the trial court's attention to the omitted elements necessary to con-

stitute a valid contract of novation, namely, that the debtor
Frank Baker must have agreed to assume the indebtedness
and that such assumption must have been based upon a valid
consideration. We do not find that anywhere else in the in-
structions was the error occasioned by this omission cured.
Even had the omitted elements been stated in the court's
charge elsewhere, still the giving 'of instruction No. 8, as it
was given, would have been error, for the jury were directly
instructed by it that the plaintiff could not recover and that
their verdict should be for the defendant if they found the
other facts enumerated in the instruction. By reason of this
error, the judgment should be reversed as to both plaintiffs.

 As a new trial must be granted, it is probably advisable
that we call attention to another phase of the case that may
have to be considered in another trial. The testimony of
the defendant and all of his witnesses is positive that a con-
tract of novation was made between the defendant, Frank
Baker, and plaintiff Wilcock. If it should be determined as
a fact that such a contract was actually made between those
parties, and the same was based upon a consideration, it
would be binding upon Wilcock, and would not be binding
upon his coplaintiff, unless there was testimony upon which
a finding that Liston was a party to it or had by his conduct
authorized his coplaintiff to bind him by such a·contract could
be based. The interest of the plaintiffs in the indebtedness
was that of cotenants, or a joint ⸍interest. We can see no
difference in principle between the relationship of plaintiffs
in this case, so far as made to appear from their testimony
with reference to the ownership of the cattle is concerned,
or the indebtedness resulting from the sale of the cattle, and
that of the defendants in the case of *Rocky Mountain Stud
Farm Co.* v. *Lunt et al.*, 46 Utah, 299, 151 P. 521.

The rule respecting the authority of cotenants is discussed
in the Lunt Case, supra, and it is there held that in the
absence of an express agreement, or conduct from
which authority might be inferred, one cotenant can
make no agreement affecting the interest of another
cotenant in the property jointly owned. To the same effect

is the holding in *Frans* v. *Young*, 24 Iowa, where, at page 377, it is said:

"One joint owner cannot, as such and by virtue of that relation merely, sell or mortgage or pledge the interest of the other joint owner. The purchaser, mortgagee, or pledgee, though ignorant of the existence of another part owner, acquires no right to that other owner's interest in the chattel. This is upon the familiar principle in the law of personal property, that the seller can confer no greater title than he possesses. So, on the other hand, one joint owner can, at his pleasure and without the consent of the other, sell, mortgage, or pledge his own interest in the chattel. If he sells, the purchaser takes his place and becomes a joint tenant with the other owner. So does the mortgagee, when his title becomes perfected. And the pledgee's rights are valid to the extent of the pledgor's interest in the thing pledged."

It may well be that upon a retrial of this case it will be determined as a fact that plaintiff Wilcock is bound by the agreement of novation, if one was made, and that his co-plaintiff, Liston, is not bound.

There are other assignments, but, as the judgment must be reversed and the cause remanded for a new trial, it is not necessary to consider these additional assignments, for the reason that the errors alleged, if they be errors, are not at all likely to again occur upon the retrial.

The judgment is reversed, and the cause remanded to the district court of Garfield county, with directions to grant a new trial; appellants to recover costs on appeal.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.