[Civil No. 4361.   Filed November 17, 1941.]

[118 Pac. (2d) 1107.]

R. C. SHIFLET and LEONA M. SHIFLET, His Wife, Appellants, v. MAY B. MARLEY, Appellee.

Messrs. Cox & Hibbert, for Appellants.

Messrs. Woolf & Shute, for Appellee.

LOCKWOOD, C. J.—This is an appeal by R. C. Shiflet and Leona M. Shiflet, his wife, defendants, from a judgment in favor of May B. Marley, plaintiff. The facts shown by the record are not in serious dispute and may be stated as follows: In March 1931,

plaintiff loaned to defendants $6,000, for which they executed a negotiable promissory note payable in three years and bearing interest at 8% per annum, payable quarterly. Concurrently, to secure the payment thereof, they gave plaintiff a mortgage on certain real property in Phoenix, which contained the usual covenants that mortgagors would keep the property insured, pay the taxes, and the like. In 1933 defendants conveyed the mortgaged property to Harry A. and Ethel Phillips, subject to the mortgage. In 1937 the latter conveyed the property to S. K. and Anna Phillips, also subject to the mortgage. In neither of these deeds did the grantees agree to assume or pay the debt. The original note, at the time of the last conveyance to S. K. and Anna Phillips, was long overdue, and they entered into the following agreement with plaintiff:

"*That Whereas,* on the 10th day of March, 1931, R. C. Shiflet and Leona M. Shiflet, husband and wife, executed a promissory note in favor of the party of the first part for the principal sum of *Six Thousand Dollars* ($6,000.00) payable three years after date and secured by a mortgage upon the following described real property, to-wit: (Description follows)

"*And Whereas,* the parties of the second part are now the owners of said real property as evidenced by deeds of conveyance duly executed, acknowledged, and recorded in the Recorder's office of said Maricopa County;

"*And Whereas,* said promissory note had not been paid and the said May B. Marley agrees to extend the time of payment thereof up to and until the 10th day of March, 1940, reducing, however, the interest payable on said sum from the amount provided for in said note to 6% per annum, interest payable monthly.

"*Now, Therefore,* in consideration of such extension, the said *S. K. Phillips* and *Anna Phillips* agree to pay said promissory note with interest thereon at the rate of 6% per annum, interest payable monthly, upon the said 10th day of March, 1940, reserving the

right, however, to pay the principal sum of said note at any time prior to said date, together with interest thereon up to said date of payment.

"*In Witness Whereof,* the parties hereto have set their hands this 20th day of February, 1937.

> "May B. Marley
> > "Party of the First Part
> "S. K. Phillips
> "Anna Phillips
> > "Parties of the Second Part."

Defendants had no knowledge of this agreement until after this action was begun, nor did they ever approve or ratify it.

Between the years 1932 and 1939 the state, county and city taxes had become delinquent in a large degree, and on December 4, 1939, plaintff paid the accrued taxes, with the interest and penalties, in order to protect her interest in the property.

In November, 1939, there was a default in the payment on the principal and interest due on the note, as modified by the above agreement, and plaintiff filed her action in the superior court, setting up the note and mortgage, together with the amount due thereon, asking for a receivership and judgment against defendants and S. K. and Anna Phillips for the amount which it was alleged was due under the note and mortgage, with interest, attorney's fees, and for a foreclosure of the mortgage, with the usual deficiency judgment. The Phillips defaulted. The Shiflets set up in defense that S. K. and Anna Phillips had agreed with the defendants that they would assume and pay the mortgage, and that plaintiff, as a part thereof and without the knowledge of defendants, extended the time of payment and the rate of interest; that at the time the original mortgage became due the value of the premises was greater than the amount due thereon, so that had the mortgage been then foreclosed it would have sold for more than enough to pay what was due.

The prayer of defendants was that plaintiff take nothing against them by way of a deficiency judgment, and that the property alone be held liable for the indebtedness so far as they were concerned.

The question before us is whether, under the facts as above set forth, plaintiff was entitled to a deficiency judgment against defendants Shiflets.

It is urged on behalf of defendants that by the agreement between the Phillips and plaintiff, as above set forth, they ceased to be the principal debtors and became mere sureties for the payment by the Phillips of the indebtedness, and that the extension of time provided in said agreement released them.

It is the position of plaintiff that the suit was on a negotiable promissory note, and that an extension of time to one liable for the debt shown by such a note does not release another person primarily liable thereon, and that the Shiflets, upon all the facts, were still primarily liable upon the note.

Defendants rely upon the case of *Seale* v. *Berryman,* 46 Ariz. 233, 49 Pac. (2d) 997, 101 A. L. R. 613, while plaintiff insists the situation is governed by the rule laid down in *Cowan* v. *Ramsey,* 15 Ariz. 533, 140 Pac. 501, and *Young* v. *Carr,* 44 Ariz. 223, 36 Pac. (2d) 555.

We have examined the cases in question as applied to the contentions of the respective parties herein and find no conflict in the rules there laid down. In *Cowan* v. *Ramsey* and *Young* v. *Carr, supra,* we held that a party primarily liable on a negotiable instrument could only be released from such liability in one of the ways set forth in the statute, that is, (a) payment by or on behalf of the principal debtor, (b) payment by the party accommodated, (c) cancellation, (d) any other act which would discharge a simple contract for the payment of money, and (e) by the principal debtor becoming the owner at or after maturity, and that one primarily liable on such a note was not

released by an extension of time given to another who was also primarily liable. We reaffirm that as the law of this jurisdiction. Section 52–184, Arizona Code 1939.

■ Defendants were undoubtedly primarily liable on the note sued on, and unless it was discharged in one of the ways mentioned above, they were still liable thereon, and the extension of time for payment granted to the Phillips would not release them. The note was not paid, it was never cancelled, nor did the principal debtor become its owner at any time. Was the note then discharged by "any other act which would discharge a simple contract"? It seems to us that on the facts of this case, there is but one manner in which this could have been done, and that is, if the facts above set forth constitute a novation, for it is a truism that a novation discharges any simple contract.

■■ A novation is defined as being the substitution, by mutual agreement of any debtor or creditor for another, or the substitution of a new debt or obligation for the existing one, *whereby the old debt is extinguished. Price* v. *Barnes,* 7 Ind. App. 1, 31 N. E. 809, 34 N. E. 408; *McCartney* v. *Kipp,* 171 Pa. 644, 33 Atl. 233. Was the agreement between plaintiff and the Phillips a valid one which substituted a new debtor for the old one and extinguished the original debt? If it did, there was a novation, and the requirement of the negotiable instruments act was satisfied, for such an act would discharge a simple contract for the payment of money. If it was not, there was no novation and the liability of the Shiflets remains the same. Under no circumstances do we think the facts show a change in the position of the Shiflets from one primarily liable on the note to one secondarily liable. Either they were released from all personal liability, or they were still primarily liable.

■ To constitute a novation by the substitution of a new debtor for an old one, there must be a mutual agreement among three parties, the creditor, his debtor and the intended new debtor, whereby the liability of the last named is substituted for that of the original debtor and the original debt is extinguished. *Temple v. Teller Lbr. Co.*, 46 Colo. 497, 106 Pac. 8; *Fuller v. Stout*, 66 Okl. 15, 166 Pac. 898, L. R. A. 1918B 108; *Wilcock v. Baker*, 65 Utah 435, 238 Pac. 253; *Vawter v. Rogue River Valley Canning Co.*, 124 Or. 94, 257 Pac. 23, 262 Pac. 851. And it is necessary that not only the creditor and the new debtor agree to the substitution and release, but that the original debtor be also consulted and consents to the new arrangement. *Temple v. Teller Lbr. Co., supra; Swift & Co. v. Colvert*, 104 Okl. 130, 230 Pac. 510; *Wilcock v. Baker, supra; Maddy v. National Life Ins. Co.*, 156 Minn. 375, 194 N. W. 880; *Independent School Dist., etc., in Cassia County v. Porter*, 39 Idaho 340, 228 Pac. 253; *Ryan v. Pistone*, 89 Hun, 78, 35 N. Y. Supp. 81; *Owen Tire Co. v. National Tire, etc., Co.*, 244 Mass. 522, 138 N. E. 911.

■ The evidence shows clearly and without contradiction that defendants were never consulted in regard to the agreement above set forth and knew nothing of it until the action was brought and, even then, instead of accepting it and agreeing thereto, attempted to repudiate any connection therewith. Such being the case, there was no novation and no release of the original debtors by the plaintiff.

Upon a careful examination of *Seale v. Berryman, supra,* relied upon by defendants, we think there is no conflict with the conclusion thus reached. In that case we stated the law to be as follows [46 Ariz. 233, 49 Pac. (2d) 999, 101 A. L. R. 613]:

" . . . It is further the law that if, with full knowledge of the facts B accepts one of A's grantees as the debtor in place of A, such a contract is binding and B

must then look to the debtor whom he has so accepted for the payment of the debt. *Holmes* v. *Bennett,* 14 Ariz. 298, 127 Pac. 753.

"The real issue in this case is over the contention of defendants Seale that, when A has sold part of the mortgaged property to C and D, and only the latter assumes the payment of the original debt, C's conveyance being merely subject to the mortgage, if B accepts D as the principal debtor in place of A and grants an extension of the time of payment of the original indebtedness to D without the consent of C, such extension discharges the lien of the mortgage upon the property of C. . . .

"In the present case there can be no question that by the extension of time above set forth to the Mungers plaintiff accepted them as the principal debtors and did release all rights to a personal judgment against the Englishes. Does this release the property of defendants from the mortgage? . . . "

While we do not use the word "novation" in the case, it it evident from the language quoted that the question of a failure of the original debtor to consent to the assumption of the debt by another did not enter into the case and it was assumed by all parties that the substitution of a new debtor for the original debtor was with the consent and approval of all three parties, the original debtor, the new debtor and the creditor, and, therefore, the original debtor was released from any personal liability. The real issue contested and decided was as to the effect of such a release on the liability of the mortgaged land for the debt.

Since the record shows affirmatively that the original debtors did not participate in, nor consent to, the agreement between plaintiff and the Phillips, above set forth, there was no novation such as would release them from their liability on the note, and the court properly rendered the judgment which it did.

Judgment affirmed.

McALISTER and ROSS, JJ., concur.