## Peoples First National Bank & Trust Co. *v.* Gaudelli, Appellant.

Argued November 11, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Allen N. Brunwasser,* for appellant.

*J. Vincent Burke, Jr.,* with him *Campbell, Houck & Thomas,* for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

Walter P. Gaudelli, defendant, filed a petition to open judgment, which alleged the following. He borrowed from plaintiff bank in July 1952, and, as security therefor, executed a chattel mortgage on his car and a judgment note for $1,115.77. In October 1952, upon his default, two agents of the bank repossessed his car, possession of which was relinquished by defendant, so he alleged, only on the representation of these agents that his debt would be cancelled. Later the bank confessed judgment on the note in the sum of $1,047.67.

The bank filed an answer denying that those who repossessed the car were agents with authority to forgive a debt. Depositions were taken, argument was held, the court below discharged the rule to open judgment, and defendant has appealed.

The sole question raised by the petition is whether the defendant has presented a possible meritorious de-

fense to the judgment by his allegation that plaintiff's "agents" promised to forgive his indebtedness if he relinquished his car. Defendant alleges the promise was made by these agents, but offered no further proof by way of depositions to the identity of the men or their authority. Plaintiff's answer admitted only that two field representatives of the bank repossessed the car, but denied they had any authority to release the debt and denied any such promise was made. He who relies on the act or promise of an agent must show the agent's authority to do the thing relied upon. *Fishman v. Davidson,* 369 Pa. 39, 85 A. 2d 34. The most that defendant has shown is that two field representatives of the bank came to repossess his car. Plaintiff in effect admits that they had the authority to repossess the car, but there is no evidence whatever that these men were given the unusual authority to bind their principal to a release of a debt. A general power to release or compromise debts cannot be implied from the term "field representative." To release a debt "Nothing less than a general or a special authority or a ratification by the principal could give force to such act," *Marquette-Bailey Co. v. Gibboney,* 87 Pa. Superior Ct. 243, in which a salesman attempted to release a purchaser from his contract and form a new contract: cf. *Ludwig & Son v. Gorsuch,* 154 Pa. 413; *W. J. Gilmore Drug Co. v. Goldsmith,* 79 Pa. Superior Ct. 149. It follows that, even if defendant's defense is accepted, it fails to prove a binding promise by the bank to release him from liability and so cannot form a meritorious defense to the judgment.

Defendant also attempts to argue that the bank failed to observe proper procedure under the Chattel Mortgage Act in disposing of the car. This allegation is not properly before us since the petition to open judgment raised only the issue of a promise by agents

to release the debt. "In considering whether a judgment should be opened, the courts are limited to a consideration of the questions raised in the petition and answer." *Land Title Bank and Trust Co. v. Kolker*, 159 Pa. Superior Ct. 529, 499 A. 2d 277.

Order affirmed.