420 P.2d 967

**LAND–AIR, a corporation, Appellant,**

**v.**

**J. Norman PARKER and Western Baptist Hospital Association, an Arizona nonprofit corporation, Appellees.**

**No. 1 CA–CIV 278.**

Court of Appeals of Arizona.

Dec. 12, 1966.

Rehearing Denied Jan. 11, 1967.

Review Granted Feb. 7, 1967.

Thayer C. Lindauer, Phoenix, for appellant.

Cox & Hedberg, by James J. Cox., Jr., Phoenix, for appellee J. Norman Parker.

DONOFRIO, Judge.

This is an action by plaintiff, appellant herein, a manufacturer of x-ray equipment, against defendant, appellee, a Doctor of Osteopathy and x-ray specialist, for replevin of an x-ray unit or, in the alternative, for damages. The trial court heard the case without a jury and granted judgment to defendant and allowed nothing to plaintiff. From this judgment plaintiff appeals.

Allied Medical Supply, a dealer in plaintiff's products, sold defendant a large x-ray unit for $25,978.31. A down payment of $6,733.74 was made and defendant signed conditional sales contracts for the balance. Allied assigned the conditional sales contracts to plaintiff and plaintiff reserved the right of recourse to Allied. Notice of the assignment was given to defendant which he acknowledged in writing.

Defendant did not make the payments on the contracts, and as a result, plaintiff wrote several letters in a collection effort without success, after which the matter was referred by plaintiff to Allied for additional action to collect. A Mr. Haire, who had succeeded to the post of manager-president-secretary of Allied, contacted defendant. After defendant maintained he could not pay, Mr. Haire arranged an agreement in which defendant sold his interest to Nationwide Leasing Co. Nationwide then leased the same equipment back to defendant for $6,344.80. Plaintiff had no knowledge of this transaction and received no money or benefit from it. Defendant contends that this was a novation and a defense to plaintiff's complaint.

The basic question is whether Allied was an agent of plaintiff with sufficient authority to effect a novation which would bind plaintiff and also free defendant from liability for the x-ray machine. In the case of Shiflet v. Marley, 58 Ariz. 231, 118 P.2d 1107 (1941), the court said:

"A novation is defined as being the substitution by mutual agreement, of any debtor or creditor for another, or the substitution of a new debt or obligation for the existing one, *whereby the old debt is extinguished.* * * *" 58 Ariz. at 236, 118 P.2d at 1109

The authority needed to agree to a novation is: (1) the power to make a new contract, and (2) the power to release the old debtor. Shiflet v. Marley, supra.

Express agency is found where a principal has, by words written or oral, expressly and specifically delegated authority to an agent. Aetna Loan Company v. Apache Trailer Sales, 1 Ariz.App. 322, 402 P.2d 580 (1965). There was testimony of the credit manager that would support a finding of express delegation of authority from plaintiff to Allied. Allied was an agent and it had express authority to collect,

but had no express authority to novate. There is no evidence that novation was ever specifically mentioned.

The scope of authority to agree to a novation may be found even though it has not been expressed. It may be apparent or implied. Catalina Groves v. Oliver, 73 Ariz. 38, 236 P.2d 1022 (1951). Apparent authority arises when the principal intentionally or inadvertently induces the third person to believe that a particular person is an agent. Canyon State Canners v. Hooks, 74 Ariz. 70, 243 P.2d 1023 (1956). The record shows no representations from plaintiff to defendant and no apparent agency for novation can be found. If authority for novation existed, it must be inferred from the express delegation "to collect."

Restatement, Second, Agency § 72 Comment on Clause (a) states:

"a. * * * Authority to collect does not include authority to compromise, to release any part of the debt * * *"

A number of cases which follow this rule are cited in the Appendix at § 72.

As stated in Peoples First National Bank & Trust Co. v. Gaudelli, 177 Pa.Super. 212, 110 A.2d 900 (1955):

"A general power to release or compromise debts cannot be implied from the term 'field representative'. To release a debt 'nothing less than a general or a special authority or a ratification by the principal could give force to such act.'"
110 A.2d at 901

The agency to collect does not imply a power to release, and without a release there can be no novation.

The word "settle" was also allegedly used by plaintiff when it referred defendant's account to Allied. Evidence on this point is in dispute. Reference to 39 Words and Phrases, "Settle" 36 shows many and varied meanings for "settle". We cannot infer implied authority from such an ambiguous word. In the case of Lois Grunow Memorial Clinic v. Davis, 49 Ariz. 277, 66 P.2d 238 (1937), the court said:

"* * * but when the rights of third persons are concerned, the law sometimes implies the authority of the agent, although no direct authority has been given the latter, and in some circumstances even though the authority has been expressly refused by the principal. The test in cases where implied authority is relied upon is whether, *under all the circumstances of the particular case,* the party relying on such authority acted as a reasonable and prudent man who knows that he is dealing with an agent, in ascertaining the extent of the authority of that agent. * * *" 49 Ariz. at 285, 66 P.2d at 242

The record does not show that defendant made any effort to determine what authority Allied did have. We believe the evidence does not support any finding that there was authority from appellant to Allied. Since there was no authority, there was no novation, and defendant was not released from his contracts with plaintiff.

Reversed.

CAMERON, Acting C. J., and WILLIAM W. NABOURS, Superior Court Judge, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge WILLIAM W. NABOURS was called to sit in his stead and participate in the determination of this decision.