BEAL et v DODDS CANNING CO et

Ohio Appeals, 1st Dist, Warren Co

No 174. Decided June 25, 1934

Frank Brandon, Lebanon, and Maple & Maple, Lebanon, for plaintiffs in error.

Howard Ivins, Lebanon, C. Luther Swain, Wilmington, and Pogue. Hoffheimer & Pogue, Cincinnati, for defendants in error.

RICHARDS, J, (6th Dist) sitting by designation.

## OPINION

By RICHARDS, J.

The written contract into which each plaintiff entered with The Dodds Canning Company is no more than a contract to grow corn and sell it to the company at a fixed price named. On delivery of the corn, it became the property of The Dodds Canning Company, and, under the law, that company could lawfully do whatever it chose with the corn. It was under no obligation to can the corn. It might, if it chose, give the corn away, for there is no averment in the amended petition that The Dodds Canning Company is insolvent. It is true that the pleading contains averments that the defendants, in what they did, acted fraudulently, but there are no averments of facts showing what, if any, fraud was committed. It is indeed pleaded that the defendants knew that the corn had not been paid for to the growers, but it is not fraudulent to buy a product which has not been paid for, nor accept warehouse receipts secured on such product.

It appears from the pleadings that The Dodds Canning Company was indebted to The Continental Can Company for cans furnished, and to other named defendants in substantial amounts, and these warehouse receipts were made to secure that indebtedness.

We cannot discover in the amended petition any averments stating an equitable cause of action against any of the defendants, nor does that pleading state a cause of action except against the defendant The Dodds Canning Company to recover the purchase price of the corn.

The contract of each grower was entirely separate and independent from that of all the others, and it was in no sense dependent upon the others. It is therefore clear that there is a misjoinder of parties plaintiff. There is also a misjoinder of causes of action, and a misjoinder of parties defendant. The only legal right shown by the pleading to exist in the plaintiffs is the right to recover of The Dodds Canning Company the price of the corn sold.

The Court of Common Pleas sustained the demurrers on the ground that the amended petition failed to state a cause of action. As to the question of alleging a cause of action for equitable relief by way of declaring an equitable lien on the finished product and an accounting, the trial court was correct in sustaining a demurrer, but this would not justify the dismissal of the petition, as there are allegations sufficent to sustain an action at law for the debt, if the parties are properly joined. However, the parties are misjoined if the amended petition stands as an action at law; and the demurrer should be sustained. There being no cause of action alleged entitling plaintiffs to the equitable relief sought, and the parties plaintiff being improperly joined in an action at law, it follows that the judgment of the Court of Common Pleas should be affirmed, and the cause remanded to the Court of Common Pleas with instructions to permit the filing of separate actions at law upon application therefor within a reasonable time.

Judgment affirmed.

HAMILTON and ROSS, JJ, concur.