243 P.2d 1023

## CANYON STATE CANNERS, Inc., v. HOOKS.

No. 5459.

Supreme Court of Arizona.

April 28, 1952.

Richey & Herring, of Douglas and Tucson, for appellant.

Wesley E. Polley, of Bisbee, for appellee.

DE CONCINI, Justice.

Appellee, Dan T. Hooks, hereinafter referred to as plaintiff, brought suit against Canyon State Canners, a corporation, appellant herein and defendant below, for breach of an alleged oral contract to sell sweet potatoes to the defendant cannery. A judgment of $800 was returned in favor of the plaintiff who had sued for $2,400. Defendant appeals to this court from that judgment and from the denial of its motion for a new trial.

Plaintiff at the time this action was commenced was a farmer engaged in growing various vegetable crops such as tomatoes, chili, sweet potatoes and corn in the Sulphur Springs valley near Douglas, Arizona. Defendant, an Arizona corporation, was engaged in the canning of various vegetables grown locally by the farmers. The cannery entered into contracts with the farmers of that area to buy their produce for canning. Plaintiff contends that he entered into a verbal contract with defendant for the sale of sweet potatoes to be grown by him, through the defendant's plant manager, Mr. Kermit Day. The defendant failed to accept for delivery to it plaintiff's sweet potatoes; therefore plaintiff contends that since no timely notice of breach was given to him by the defendant the sweet potatoes were spoiled and rendered practically worthless.

The defendant makes five assignments of error which will be discussed in the order presented. Defendant's first assignment of error states that the evidence did not show an actual or an implied agency on the part of Day.

There are two main types of agency, one actual, and the other ostensible or apparent. 1 Mechem on Agency, 2d Ed., 37, sec. 57. The authority of an actual agent can be either express, or implied. If there is evidence that the principal sought to be charged has delegated authority to the supposed agent by oral or written words which authorize him to do a certain act, or series of acts, then the authority of the agent is express. If there is no evi-

dence of express authority, then the next question is whether the agent possesses implied authority. The test of whether implied authority exists is well-stated in 2 C.J.S., Agency, § 23, pp. 1045, 1046, where it is said:

"The relation of agency need not depend upon express appointment and acceptance thereof, but may be, and frequently is, implied from the words and conduct of the parties and the circumstances of the particular case. If, from the facts and circumstances of the particular case, it appears that there was at least an implied intention to create it, the relation may be held to exist, notwithstanding a denial by the alleged principal, and whether or not the parties understood it to be an agency. * * *

"An implied agency must be based on facts for which the principal is responsible; they must, in the absence of estoppel, be such as to imply an intention to create the agency, and the implication must arise from a natural and reasonable, and not from a forced, strained, or distorted, construction of them. They must lead to the reasonable conclusion that mutual assent exists, and be such as naturally lead another to believe in and to rely on the agency. * * *"

If no actual agency is disclosed then the court must search the record to see if the evidence is sufficient to find that the agent had ostensible or apparent authority to bind his principal.

The ostensible agent is one where the principal has intentionally or inadvertently induced third persons to believe that such a person was its agent although no actual or express authority was conferred on him as agent. 2 Am.Jur., Agency, 82, 83, sec. 101. The case of Lois Grunow Memorial Clinic v. Davis, 49 Ariz. 277, 66 P.2d 238 subscribes to that principle.

Mr. Penny, president of the defendant corporation, testified that if any farmer wanted to talk to some member of the cannery about selling sweet potatoes he would send him to Mr. Day, and Day had authority to talk about these matters. The record clearly shows that Mr. Day had either implied authority, and or, apparent authority to contract with plaintiff. There is a conflict in the evidence as to whether Mr. Penny did in fact refer plaintiff to Mr. Day for the purpose of talking about a contract to buy and can sweet potatoes. There is no dispute that Day was the manager of the cannery, and that the business of the cannery was buying and canning the various produce grown in the valley. Plaintiff testified that the defendant supplied him 40,000 potato plants together with other supplies. Defendants admitted they supplied 15,000 plants and other supplies. The procurement and furnishing of these plants by Day as manager is evidence of his authority to deal with sweet potato

growers. There was some conflict in the evidence as to Day's authority; however the trial court found in favor of plaintiff, and on such evidence we will not disturb its judgment.

■ Defendant's second assignment of error is predicated on the theory that since the evidence showed no agency, the authority of Day could not be proved by parties other than the principal. Krug and Franklin, other farmers in the area, testified that they made similar verbal contracts to those of plaintiff. Defendant relies on the case of Brutinel v. Nygren, 17 Ariz. 491, 154 P. 1042, L.R.A.1918F, 713. That case can be distinguished, because here, the evidence did establish an agency independent of the testimony of witnesses Krug and Franklin. Therefore such evidence was mere surplusage. Disregarding that testimony there was sufficient evidence in the case to establish the agency. This court will assume that the trial court in reaching its decision did not consider erroneous evidence. Hiatt v. Lee, 48 Ariz. 320, 61 P.2d 401, 107 A.L.R. 444. May v. Sexton, 68 Ariz. 358, 206 P.2d 573.

■ Defendant's remaining assignments of error deal principally with the alleged oral contract, the breach thereof, and damages. Defendant contends that the plaintiff did not mitigate damages as he had a duty to do, and that he testified falsely to material facts. Defendant also contends that the contract of sale was never established by plaintiff's proof. Viewing the evidence in the light most favorable to support the judgment, we conclude that the evidence was sufficient to justify the trial court's finding that a contract was established. Defendant contends that delivery of the goods and payment are concurrent conditions and if no delivery is made there is no right of action for breach of contract. Sec. 52–542, A.C.A.1939. While that is a correct statement of the law, it is not applicable because of the evidence in this case. When the potatoes were ready to harvest, plaintiff notified the cannery and an agreement was made between the plaintiff and defendant, through its manager, Mr. Day, whereby plaintiff was to store the potatoes until notified by defendant to deliver them for canning. Defendant never at any time called or notified the plaintiff to bring the potatoes to be canned and when plaintiff realized the contract was breached, the potatoes were in a bad condition and unfit for use. There was evidence that there was no available market for this type of sweet potatoes at that time. Actual delivery here would have been an unnecessary condition since by defendant's agent's own acts, constructive delivery was had.

■ Having decided that constructive delivery was had by the buyer, we next come to the question of whether title to the potatoes passed. Section 52–518, A.C.A. 1939, specifically sets forth the rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer. These are

rules of ascertaining intention, and are only used when the actual intent of the parties is not shown. Since no actual intent is shown, it is necessary for us to resort to section 52–518, supra, and from subparagraph 5 of that section we quote the following:

"Where there is a contract to sell unascertained or future goods by description, *and goods of that description and in deliverable state are unconditionally appropriated to the contract,* either by the seller with the assent of the buyer, or by the buyer with the assent of the seller, the property in the goods thereupon passes to the buyer. Such assent may be expressed or implied, and may be given either before or after the appropriation is made. * * *" (Emphasis ours.)

To constitute an appropriation, the goods must be identified and applied irrevocably to the contract. E. L. Welch Co. v. Lahart Elevator Co., 122 Minn. 432, 142 N.W. 828. Applying the above stated rule to this case, we see that the potatoes were harvested and, when stored at plaintiff's farm with consent of defendant's agent, they became identified and applied irrevocably to the contract. See the case of Beal v. Dodds Canning Co., 49 Ohio App. 168, 195 N.E. 570, where under a contract to grow and sell corn to the canning company, title to the corn passed on delivery. Since we have decided that actual delivery of these potatoes to the defendant was not nec-

essary in order for title to pass, we need not again consider it.

Having determined that the property in the goods passed to the defendant, plaintiff can maintain an action against the defendant for the price of the goods. Section 52–569, A.C.A.1939, provides:

"Where, under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods."

See L. Grauman Soda Fountain Co. v. Etter, 41 Ariz. 151, 16 P.2d 417.

■ Defendant lays great stress in it's briefs that plaintiff deliberately lied in that his testimony on cross-examination was contradictory with his deposition and his direct examination. It is true that plaintiff's statements as to the amount of acreage he plowed and planted was not specifically made clear. There was much confusion as to whether he plowed a parcel of land 208 steps by 208 steps (9 acres) or 208 feet by 208 feet (1 acre) or 2 to 2½ acres, all as plaintiff testified. We have held innumerable times that the trial court is the best judge as to the credibility of the witnesses. The trial court gave plaintiff a judgment for $800 instead of the $2400 sued for. We will not disturb the judgment if there is any creditable evidence to support it. The re-

viewing court must construe evidence in favor of the findings of the trial court. Hiatt v. Lee, supra.

Judgment affirmed.

UDALL, C. J., and STANFORD, PHELPS, and LA PRADE, JJ., concurring.