NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In Re the Matter of

MATTHEW CAREY AUGEE,
*Petitioner/Appellant*,

v.

PATRICIA LYNN WRIGHT,
*Respondent/Appellee*.

No. 1 CA-CV 20-0154 FC

FILED 2-16-2021

Appeal from the Superior Court in Maricopa County
No. FN2018-050122
The Honorable Adam D. Driggs, Judge

**VACATED AND REMANDED**

COUNSEL

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin
*Counsel for Petitioner/Appellant*

Rosser Law Group, PLLC, Phoenix
By Gary L. Rosser
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Jennifer B. Campbell joined.

---

**M O R S E**, Judge:

¶1 Matthew Augee ("Husband") appeals from a decree of dissolution of marriage. We conclude the court erred when it found Husband was an agent for a non-party without holding an evidentiary hearing to resolve disputed facts. Because a condition precedent of the settlement agreement in this case required an act by the non-party, which had not been done, the court erred by entering the dissolution decree. For the following reasons, we vacate the decree and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Husband and Patricia Wright ("Wife") married in 2013. During the marriage, Husband volunteered with the RecFX Foundation ("Foundation") and served as its CEO and President. The Foundation is governed by a board of directors ("Board") on which Husband served. Husband often stored the Foundation's property at the marital residence.

¶3 In 2017, Wife served Husband with an order of protection that required him to immediately vacate the marital residence with a limited opportunity to gather his belongings. Husband petitioned for a dissolution of marriage in January 2018 ("Petition"). In the Petition, Husband requested the return of both his and the Foundation's property. Husband estimated the value of the Foundation's property at the marital residence at $200,000.

¶4 In December 2018, the parties attended a settlement conference and reached an agreement which included the return of the Foundation's property. The agreement was verbally recorded pursuant to Arizona Rule of Family Law Procedure ("Rule") 69. The settlement required both Husband and the Foundation to sign releases in favor of Wife. When the settlement judge questioned Husband on the Foundation's willingness to sign a release, Husband responded "I've already discussed it . . . in advance, what our options would be, and choices, so . . . my agreement to it is following their decision." Later, when asked by Wife's counsel for the

names of the Board members, Husband stated he is "on the board but nonvoting on this matter."

**¶5** Husband asked for the release to be drafted before the next Board meeting. Wife's counsel was tasked with drafting the settlement and release agreements but was delayed for three months because of personal matters. During the delay, the Foundation informed Husband it would not sign a release. Husband moved to reinstate the case, noting a settlement was no longer workable. Wife sent Husband a notice and proposed form of decree incorporating her version of the Rule 69 agreement. Husband filed an objection to the proposed decree. Wife then lodged the proposed decree.

**¶6** The court scheduled an evidentiary hearing, but vacated it after Husband requested a continuance so he could undergo a medical procedure. Instead of holding an evidentiary hearing, the court held a status conference in September regarding its ability to compel the Foundation to execute a release in Wife's favor. Counsel for the Foundation entered a limited appearance and participated in the conference.[1] The Foundation opposed getting "dragged into" the divorce, and claimed it had not received its Property, Husband did not have authority to bind the Foundation to sign a release agreement, and Wife did not have most of the missing Property. The Foundation also acknowledged it was contemplating a civil suit against Husband and Wife for conversion.

**¶7** In November, the family court entered a dissolution decree ("Decree"), finding that Husband had authority to enter binding agreements on behalf of the Foundation. The court ordered that (1) "Husband, on behalf of [the Foundation] shall execute the release attached" to the decree, and (2) "Wife's obligation to make the property awarded to Husband individually or to [the Foundation] is conditioned upon Husband and [the Foundation] executing a release of all claims against Wife."

**¶8** The court denied Husband's motion for relief from judgment. Husband timely appealed.

---

[1] The Foundation was not joined as a party to the dissolution action. This Court denied Husband's motion to join the Foundation as a party to this appeal.

## JURISDICTION

**¶9** Wife asserts that our review is limited to Husband's motion for relief from judgment because Husband's notice of appeal only identified the denial of that motion. *See* ARCAP 8(c)(3) (requiring notice of appeal to "[d]esignate the judgment or portion of the judgment from which the party is appealing").

**¶10** We reject this argument. *See Hill v. City of Phoenix*, 193 Ariz. 570, 572-73, ¶¶ 8-10 (1999) (noting technical defects in a notice of appeal are generally not jurisdictional); *Hanen v. Willis*, 102 Ariz. 6, 8 (1967) (holding that notices of appeal should be liberally constructed "if the result is neither misleading nor prejudicial"). We previously held that a notice of appeal from an order denying a motion for relief from judgment, rather than the underlying judgment, did not waive review of the underlying judgment when the motion addressed alleged errors in entering judgment. *See Schwab v. Ames Constr.*, 207 Ariz. 56, 59, ¶¶ 11-12 (App. 2004); *accord McKillip v. Smitty's Super Valu, Inc.*, 190 Ariz. 61, 64 (App. 1997). Husband's motion addressed the issues he invokes on appeal and Wife has not asserted any prejudice. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶11** We address whether Husband was an agent of the Foundation and whether a release signed by the Foundation is an unmet condition precedent without which there is no settlement agreement.

## I.    Agency Relationship.

**¶12** First, the parties dispute whether Husband was an agent of the Foundation with authority to bind it to the settlement agreement. "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Ruesga v. Kindred Nursing Ctrs., LLC*, 215 Ariz. 589, 597, ¶ 28 (App. 2007) (quoting Restatement (Third) of Agency § 1.01 (2006)). Agency can be actual or apparent. *Id.* at ¶¶ 28-29. Actual authority can be express or implied. *Id.* "The question of whether an agency existed is one of fact." *Corral v. Fid. Bankers Life Ins. Co.*, 129 Ariz. 323, 326 (App. 1981). Wife has the burden to show that Husband was the Foundation's agent. *See Escareno v. Kindred Nursing Ctrs. W., LLC*, 239 Ariz. 126, 129, ¶ 7 (App. 2016).

¶13        Husband denies that he had express authority and Wife does not provide any evidence to the contrary. Express authority "may be proved by direct evidence of express contract of agency between the principal and agent . . . ." *Corral*, 129 Ariz. at 326. The Foundation's attorney denied that Husband was authorized to make an agreement and noted any agreement would require the approval of the voting Board members. At the settlement conference, Husband implied that he was acting consistent with the Board's "decision" but also stated that he was a non-voting Board member for this issue and that he wanted the release drafted before the next Board meeting. Other than Husband's inconsistent statements, the record is devoid of evidence that Husband had express authority to sign a release on behalf of the Foundation.

¶14        Husband also asserts that there was no basis on which Wife could reasonably assume he had apparent or implied authority. Apparent authority "arises when *the principal* has intentionally or inadvertently induced third persons to believe that such a person was [his or her] agent . . . ." *Escareno*, 239 Ariz. at 130, ¶ 8 (emphasis added) (quoting *Reed v. Gershweir*, 160 Ariz. 203, 205, (App. 1989)). Similarly, "[a]n implied agency must be based on facts for which *the principal* is responsible . . . ." *Canyon State Canners v. Hooks*, 74 Ariz. 70, 73 (1952) (emphasis added) (quoting 2 C.J.S., *Agency* § 23, at 1045-46). Wife argues that the "Foundation board member's presence and consultation with Husband at the Settlement Conference would lead Wife to reasonably conclude that Husband was acting as the Foundation's agent." Husband concedes in his reply brief that he "discussed certain terms" with the Board member at the settlement conference. But the Board member was not permitted to be in the room and the record does not reflect what Husband and the Board member discussed. Wife also asserts the Foundation's letter, sent after the settlement conference, implies a grant of authority. That letter stated that the Foundation "no longer agree[d] to waive our rights to pursue any claims." But if Husband was not the Foundation's agent, then it remained free to change its decision about signing a release. At the status conference, the Foundation's attorney conceded that Husband was authorized "to negotiate to get the Foundation's property back," but asserted that the authority did not extend to a liability release. The Foundation's attorney also noted Wife no longer possessed most of the Foundation's missing property.

¶15        Given this, it appears there are disputed facts as to both the existence of an implied or apparent agency relationship and the extent of Husband's authority, if any, at the settlement conference. Due process requires the court, when factual disputes exist, to "afford the parties an opportunity to present sworn oral testimony, and may not rely solely on

avowals of counsel." *Volk v. Brame*, 235 Ariz. 462, 464, ¶ 1 (App. 2014); *see also Solorzano v. Jensen*, --- Ariz. ---, ---, 2020 WL 7703115, at *3, ¶ 13 (App. Dec. 29, 2020) (remanding for evidentiary hearing when court made credibility determinations without taking witness testimony). Thus, the family court erred when it concluded that Husband was the Foundation's agent without holding an evidentiary hearing.

## II.     The Foundation's Release is an Unmet Condition Precedent.

**¶16**           Next, the parties dispute the nature of the settlement agreement. Husband argues that a release signed by the Foundation is an unmet condition precedent. Wife argues that the executed releases were a term of the settlement agreement, asserting that "Husband had already agreed [to] sign the release and had bound the Foundation to do the same," and without the releases she will not return Husband's property. But Wife's counsel clarified at the settlement conference that Wife's "responsibility for signing the property settlement agreement is conditioned upon receipt . . . of the release . . . . In other words, the release comes first, and then she signs, and then we submit everything." Because a hearing is necessary to determine if Husband was able to bind the Foundation to the settlement, a signed release by the Foundation remains a condition precedent. *See Diamond v. Haydis*, 88 Ariz. 326, 334 (1960) ("When an agreement is made subject to the consent or approval of a third party it must be viewed as a conditional agreement dependent upon such consent or approval being given. If such consent or approval is not given then such agreement is not binding upon the parties.").

**¶17**           Accordingly, we vacate the Decree and do not address the other arguments raised by the parties.

## III.    Attorney Fees.

**¶18**           Last, both parties request an award of attorney fees pursuant to A.R.S. § 25-324. We deny the requests without prejudice to the parties seeking fees after the superior court determines, following an evidentiary hearing, whether Husband had implied or apparent authority to act on behalf of the Foundation. As the prevailing party on appeal, Husband is awarded his costs upon compliance with ARCAP 21.

**CONCLUSION**

¶**19**        For the foregoing reasons, we vacate the Decree and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:      AA