NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

COLT TRISTAN BROOKS; THE CITY OF PHOENIX, a municipal
corporation, *Petitioners*,

*v.*

THE HONORABLE SARA J. AGNE, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

LENA G. DAVIS; LAMARCUS L. WHITE, *Real Parties in Interest.*

No. 1 CA-SA 21-0154
FILED 11-16-2021

Special Action Review from the Superior Court in Maricopa County
No. CV2020-054101
CV2020-054192
The Honorable Sara J. Agne, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

City Attorney's Office, Phoenix
By Victoria Torrilhon
*Counsel for Petitioners*

Gust Rosenfeld P.L.C., Phoenix
By Charles W. Wirken and Robert D. Haws
*Counsel for Amicus Curiae, Arizona School Risk Retention Trust, Inc.*

Tempe City Attorney, Tempe
By Judith R. Baumann, Michael R. Niederbaumer, and Sara R. Anchors
*Counsel for Amicus Curiae, City of Tempe*

Goldberg & Osborne, LLP, Phoenix
By Allen D. Bucknell (argued), Marc A. Kamin, and Kwesi A. Seabrook
*Counsel for Real Parties in Interest*

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Counsel for Amicus Curiae, Arizona Trial Lawyers Association*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

¶1        Colt Brooks and the City of Phoenix ("City") seek special action relief from the superior court's order denying their motion for summary judgment. We grant special action jurisdiction but deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        In July 2020, Lamarcus White and Lena Davis sued the City and Brooks for negligence and loss of consortium after Brooks changed lanes while driving a fire engine and collided with their vehicle in July 2019. The complaint alleged the City was vicariously liable for Brooks' negligence.

¶3          Before filing their complaint, White and Davis tried to file notices of claim with the City as required by A.R.S. § 12-821.01. The first notices filed with the City in November 2019 were defective. In December, White and Davis's process server visited an address she believed was Brooks' residence and discovered that Brooks did not live there. A relative living at the address gave the process server Brooks' phone number. The process server called and spoke with Brooks on December 14, 2019. She claimed that Brooks told her she should serve the notice of claim on the fire department, and he would not be personally served. On December 20, 2019, White and Davis filed an amended notice of claim with the Phoenix City Clerk's Office, naming the City and Brooks. Brooks was never personally served.

¶4          Brooks and the City moved for summary judgment, arguing that the claims were barred because White and Davis never served a notice of claim on Brooks as required by A.R.S. § 12-821.01. White and Davis countered that their claim against Brooks was not barred because Brooks had actual notice and evaded service. The court considered the process server's statement, Brooks' declaration that he did not authorize the City Clerk to accept service on his behalf, and testimony by Brooks that he told the process server to contact the City to reach him but did not recall the details of the conversation. Brooks and the City argued that the City routinely facilitates employee service to minimize employee work disruptions, and the City likely would have arranged service if the process server had contacted the City as Brooks requested.

¶5          The superior court viewed the facts in the light most favorable to White and Davis and found that genuine issues of material fact precluded summary judgment for Brooks and the City. Brooks and the City then petitioned this court for special action relief.

## DISCUSSION

### A.      We Accept Special Action Jurisdiction.

¶6          We accept jurisdiction to address a legal issue of statewide importance: whether a public defendant must be dismissed when a plaintiff

fails to comply strictly with A.R.S. § 12-821.01.[1] *See Gutierrez v. Fox*, 242 Ariz. 259, 264, ¶ 13 (App. 2017) (Special action jurisdiction is appropriate when "a petition presents a purely legal issue of first impression that is of statewide importance.") (internal quotation omitted). We recognize that exercising special action jurisdiction to consider the denial of summary judgment is rarely appropriate. *Salt River Valley Water Users' Ass'n v. Barker*, 178 Ariz. 70, 73 (App. 1993). Jurisdiction is appropriate because a defendant who asserts immunity, as Brooks does here, has no adequate remedy at law by direct appeal if he is erroneously forced to stand trial. *Id.*

**B.      Before a Trial on the Merits, the Trier of Fact Must Resolve Genuine Disputes of Material Fact about Whether Equitable Principles Bar Brooks from Asserting A.R.S. § 12-821.01 as a Defense and Whether Brooks Created Apparent Authority in the City to Accept Service on his Behalf.**

¶7      Brooks and the City argue that the superior court erred by permitting the claim to proceed against Brooks because anything short of strict compliance with A.R.S. § 12-821.01 is dispositive. "We review a denial of a motion for summary judgment for an abuse of discretion and view the facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Sonoran Desert Investigations, Inc. v. Miller*, 213 Ariz. 274, 276, ¶ 5 (App. 2006).

¶8      If a notice of claim against a public entity, public school, or public employee is not served within the statutory time limit, the claim is barred. A.R.S. § 12-821.01. Claims must be served on the person or persons authorized to accept service. A.R.S. § 12-821.01(A). "Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A)." *Falcon ex rel. Sandoval v. Maricopa Cty.*, 213 Ariz. 525, 527, ¶ 10 (2006). But "this procedural requirement is subject to waiver, estoppel, and equitable tolling." *Pritchard v. State*, 163 Ariz. 427, 432 (1990).

¶9      In denying the summary judgment motion, the superior court found that White and Davis had "shown genuine issues of material fact as

---

[1]      Because we find the court did not abuse its discretion by finding that issues of fact needed to be resolved, we do not address whether an employee's dismissal with prejudice under A.R.S. § 12-821.01 has preclusive effect on the vicarious liability of a public employer that was correctly served under the statute.

to whether an A.R.S. § 12-821.01 defense is available to [Brooks]." Although the superior court did not express the specific rationale that might cause the defense to be unavailable to Brooks, on review, we conclude there is a genuine dispute about whether waiver and estoppel apply and if Brooks created apparent authority in the City to accept service on his behalf.

¶10        To establish that Brooks is estopped from asserting his rights under A.R.S. § 12-821.01, White and Davis would have to show that (1) Brooks committed acts inconsistent with his later assertion of those rights; (2) they reasonably relied on Brooks' conduct; and (3) they suffered injury because Brooks repudiated his prior conduct. *Valencia Energy Co. v. Ariz. Dep't of Revenue*, 191 Ariz. 565, 576–77, ¶ 35 (1998).

¶11        The first element requires an affirmative act. *Valencia Energy*, 191 Ariz. at 577, ¶ 36. Brooks' silence or inaction cannot meet this requirement. Still, if he committed affirmative acts by telling the process server that he would not disclose his address or be personally served, it may meet the first element. According to the process server, Brooks refused to give her an address for service and told her "he was not going to be served" and that she should "serve [the notice of claim] to the fire department." After she advised Brooks that she needed to serve him personally, he said, "[W]ell that's not going to happen!" Those statements may satisfy the first element of estoppel if they conflict with his later assertion of A.R.S. § 12-821.01.

¶12        The second element requires reasonable reliance by White and Davis. *Valencia Energy*, 191 Ariz. at 577, ¶ 37. Brooks' insistence that he would not be personally served does not constitute a factual assertion that can be relied on by White and Davis as accurate. But it is conceivable that White and Davis accepted as accurate and reasonably relied on Brooks' statement that they should serve him through the City. Thus, the third element, injury, would be satisfied if White and Davis's claim against Brooks is dismissed for failure to serve him.

¶13        A waiver is the voluntary surrender of a known right. *Am. Cont'l Life Ins. Co. v. Ranier Const. Co.*, 125 Ariz. 53, 55 (1980). A party may waive a right expressly or by conduct inconsistent with the intent to assert the right. *Id.* To establish waiver by conduct, one must show that the behavior necessarily implies waiving the right. *Id.* Here, to establish waiver, White and Davis would have to show that Brooks intended to relinquish his right to be personally served a notice of claim through the phone call with the process server. It would be insufficient, for example, to show that

Brooks misunderstood the requirements of A.R.S. § 12-821.01 and mistakenly told the process server to serve his notice to the City.

¶14 Under A.R.S. § 12-821.01(A), notice may be served on the public defendant or a person authorized to accept service for the defendant. Without actual authority to accept service, a principal who creates apparent authority in an agent to accept service on his behalf will be bound by service upon that apparent agent. *See Pac. Guano Co. v. Ellis*, 83 Ariz. 12, 16 (1957). "To bind a principal on the basis of apparent authority the principal's conduct must be such that the law will not permit him to say he did not give the agent the authority." *Id.* Here, White and Davis served the City the December 20 notice of claim after Brooks allegedly told them to serve his notice of claim on the City. Brooks will be bound by service upon the City if he intentionally or inadvertently induced White and Davis to believe that the City could accept service on his behalf. *Canyon State Canners v. Hooks*, 74 Ariz. 70, 73 (1952).

¶15 Fact issues remain concerning whether Brooks should be estopped from asserting A.R.S. § 12-821.01 and whether Brooks waived his right to assert the defense. Any factual disputes about equitable defenses in applying A.R.S. § 12-821.01 must be resolved before a trial on the merits, and the court should act as the factfinder. A.R.S. § 12-821.01(G) (issues of fact about the statute's application must be resolved before trial on the merits); *McCloud v. State, Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 86, ¶ 9 (App. 2007) (court acts as factfinder in considering equitable defenses unrelated to the central facts relevant to the claim's merits).

¶16 Fact issues also remain about whether Brooks created apparent authority in the City to accept the notice-of-claim service. If this material dispute is the legal theory the superior court is considering, it must submit the question to a jury before a trial on the merits. *Lee v. State*, 225 Ariz. 576, 577, ¶ 1 (App. 2010); A.R.S. § 12-821.01(G); *see also Pritchard*, 163 Ariz. at 433 (Disputed issues of fact about compliance with A.R.S. § 12-821 must be resolved by the jury, not the trial court.).

## CONCLUSION

**¶17**     We accept jurisdiction but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:     AA