NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MATTHEW CAREY AUGEE, *Petitioner/Appellant*,

*v.*

PATRICIA LYNN WRIGHT, *Respondent/Appellee*.

No. 1 CA-CV 22-0741 FC
FILED 10-19-2023

Appeal from the Superior Court in Maricopa County
No. FN2018-050122
The Honorable Paula A. Williams, Judge

**REVERSED**

COUNSEL

Meyer & Partners, PLLC, Phoenix
By Ross P. Meyer
*Counsel for Petitioner/Appellant*

Rosser Law Group, PLLC, Phoenix
By Gary L. Rosser
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**F O S T E R**, Judge:

¶1        In a dissolution of marriage proceeding, Petitioner Matthew Augee and Respondent Patricia Wright entered a Rule 69 agreement contingent on RecFX Foundation ("Foundation"), for which Augee was a board member, releasing Wright from liability for the Foundation's property that Wright allegedly had in her possession. In this second appeal regarding the alleged agreement, Augee appeals the superior court's finding that he was authorized to agree on behalf of the Foundation that it would sign the release. Because the Foundation expressly revoked Augee's authority as a board member in relation to the dissolution proceeding and Wright provided no evidence to suggest the Foundation had changed its position, this Court reverses the superior court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2        Augee and Wright married in 2013. During the marriage Augee served on the Foundation's governing board and often kept Foundation property at the marital residence. In December 2017, Wright obtained an order of protection against Augee, resulting in Augee leaving the marital home and the Foundation's property remaining at the residence. A month later, Augee petitioned for divorce, requesting the return of the Foundation's property among other things.

¶3        As the divorce litigation moved forward, the Foundation expressly prohibited Augee from any involvement in the issues related to the Foundation's property in Wright's possession and "remov[ed] [Augee's] authority to act on behalf of the [F]oundation on this issue." Two months later, Augee and Wright held a Rule 69 settlement conference to resolve the issues between them, including the issue regarding the Foundation's equipment. At the conference, an agreement contingent on Augee and the Foundation signing releases relieving Wright of liability related to the Foundation's property, was reached. Though Augee had been in contact with the Foundation's board before the settlement conference, no one from the board participated. As part of the settlement conference, when questioned during the conference about the agreement, Augee was asked,

"And you are confident that the rest of the board -- I don't know however -- how many other members there are of the board [ b]ut they will affirm this?" Augee's response was, "I've already discussed it . . . in advance, what our options would be, and choices, so . . . my agreement to it is following their decision." The Foundation was not a party to these discussions and agreement nor was it bound by the agreement's terms.

¶4        That afternoon, Augee informed the board that the Foundation's waiver of claims against Wright was a condition of the settlement. Wright's counsel agreed to draft and provide a release, but circumstances beyond counsel's control delayed that. Several weeks later, while still awaiting the release, the Foundation's board wrote to Augee that while "[a]t the time of your Settlement Conference for your divorce . . . we considered signing a release . . . we no longer agree to waive our rights to pursue any claims against [Wright]." The next month, Wright lodged the decree consistent with the agreement reached in the settlement conference. The court approved and filed the decree, finding "[Augee] had authority to enter into binding agreements on behalf of [the Foundation] at the . . . settlement conference" and ordering that "[Augee], on behalf of [the Foundation] shall execute the release."

¶5        After the court denied his Rule 85 motion for relief from judgment, Augee timely filed his first appeal. On appeal, this Court vacated and remanded the case, holding the superior court "erred when it concluded that [Augee] was the Foundation's agent without holding an evidentiary hearing." *Augee v. Wright*, 1 CA-CV 20-0154 FC, 2021 WL 566316, at *3, ¶ 15 (Ariz. App. Feb. 16, 2021) (mem. decision). After holding the evidentiary hearing, the superior court again found "[Augee] had the authority to bind the Foundation regarding the Rule 69 Agreement." The court also found that "[Augee] represented [at the settlement conference] that the Foundation agreed to sign the release" and that "[Wright] reasonably believed that [Augee] had the authority to bind the Foundation and . . . reasonably relied on [Augee's] apparent or implied authority to bind the Foundation." Augee timely filed this second appeal.

¶6        This Court has jurisdiction under A.R.S. § 12-120.21(A)(1).

## DISCUSSION

¶7        This Court reviews the superior court's legal conclusions *de novo* but its findings of fact for clear error. *Doherty v. Leon*, 249 Ariz. 515, 518, ¶ 7 (App. 2020). "Generally, whether agency exists is a question of fact, but when the material facts are not in dispute, the existence of such a

relationship is a question of law for the court to decide." *Goodman v. Physical Res. Eng'g, Inc.*, 229 Ariz. 25, 29, ¶ 12 (App. 2011). Because the underlying facts at issue in this appeal are not disputed, the question before this Court is one of law for which this Court reviews the superior court's judgment *de novo*.

## I. The Record on Appeal Includes the Transcript of the Evidentiary Hearing.

**¶8** As a preliminary matter, Wright asserts that this Court should not consider exhibit 7 to the opening brief, which is a transcript of the evidentiary hearing that resulted in the ruling being appealed. Augee's reply brief clarifies that the exhibit was certified and filed as part of the record on appeal. Because the transcript was filed and appropriately certified, it is included as part of the record on appeal.

## II. The Evidence Did Not Establish that Augee Had Authority to Act as the Foundation's Agent.

**¶9** "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Goodman,* 229 Ariz. at 29, ¶ 12 (quoting Restatement (Third) of Agency § 1.01 (2006)). An agent's authority may be actual or apparent. *Escareno v. Kindred Nursing Ctrs. W., L.L.C.*, 239 Ariz. 126, 129, ¶ 8 (App. 2016). Actual authority may be express or implied. *Id.* Express authority arises when the principal's words authorize another person to do something. *Gulf Ins. Co. v. Grisham*, 126 Ariz. 123, 126 (1980). Implied authority results when the principal's actions "imply an intention to create the agency . . . lead[ing] another to believe in and to rely on the agency." *Canyon State Canners v. Hooks*, 74 Ariz. 70, 73 (1952) (quoting 2 C.J.S. *Agency* § 23). Similarly, apparent authority arises when a principal "intentionally or inadvertently induce[s] third persons to believe" someone without actual authority is the principal's agent. *Escareno*, 239 Ariz. at 129, ¶ 8. The responsibility for proving agency falls on the party asserting that agency existed. Here, Wright "bears the burden to show" Augee had agent authority to bind the Foundation. *See id.* at ¶ 7.

**¶10** The superior court found that the Foundation expressly repudiated Augee's authority as a member of the board regarding any matters relating to its property and the divorce. The superior court noted that it was unclear whether Wright was aware of this communication, but

Wright's knowledge or lack of knowledge of the communication is not relevant to the repudiation; the only relevant factor is whether the Foundation previously represented that Augee had authority to act on the Foundation's behalf. It was Wright's burden to prove that the board led her to believe it had authorized Augee to act as its agent.

¶11        Wright first relies on a Foundation board member being present in a separate room at the settlement conference to suggest that Augee had implied or apparent authority from the board to agree to the settlement. But the board member was not a party to the settlement discussions. Before they reached a settlement, Augee and the board member conferred to discuss options available for the Foundation to regain its property from Wright, including signing a release. Augee represented during the settlement negotiations that "the Foundation *will* agree to it [ ] as I have been instructed," but he also expressly stated that he could not act on behalf of the board.

¶12        Second, Wright points to Augee's assurance to the court that the Foundation would affirm the settlement agreement. But as outlined previously, Augee provided no such assurance. The record from the settlement conference makes clear that Augee did not have authority to act on the board's behalf because after confirming that Augee had conferred with a board member regarding the settlement, the court asked, "And you are confident that the rest of the board [will agree to this term]?" Augee confirmed that he had conferred with the board and it was consistent with his understanding of the board's position. But these statements do not show Augee acting definitively on the Foundation's behalf. It simply reveals a party to the suit discussing matters of mutual concern with a third party and relaying the third party's comments to the court. The third party was not a party to the agreement and not bound by its terms. The questioning during the settlement conference clarified that the board would have to agree to the term at some point in the future. And even assuming Augee represented himself as the Foundation's agent with these statements, a person's declarations "are insufficient to establish the fact or extent of [that person's] authority" as an agent. *Heapy v. Willow Canyon Healthcare, Inc.*, 251 Ariz. 358, 363, ¶ 13 (App. 2021) (quoting *Jolly v. Kent Realty, Inc.*, 151 Ariz. 506, 512 (App. 1986)).

¶13        Wright contends, and the superior court found, that she "reasonably believed that [Augee] had the authority to bind the Foundation" and that she relied on his "apparent or implied authority to bind the Foundation." But Wright did not testify at the hearing on remand, and she did not call any witness from the Foundation to testify regarding

Augee's authority to bind the Foundation. Moreover, the transcript from the settlement conference evidences that Augee made clear that he was not speaking for the Foundation and that the Foundation "will" have to approve the agreement.

¶14 Third, Wright points to the Foundation's letter saying it no longer agreed to sign the release to support her position that Augee was authorized to enter the agreement on behalf of the Foundation. She argues the words "we *no longer agree* to waive our rights to pursue any claims" implies that the Foundation had agreed to waive its rights through Augee. But there is no evidence that anyone other than Augee had previously suggested that he was authorized to act on behalf of the Foundation. Wright seems to contend that because Augee assured the court that the Foundation would sign the release and the letter implied that the Foundation had agreed to sign the release, Augee had authority to bind the Foundation. But the record reflects that Augee never had authority to represent the Foundation's interests in this matter, and a letter created *after* the settlement conference could not have led or induced Wright *during* the settlement discussions to believe that Augee was the Foundation's agent. Thus, the letter does not support that Augee had implied or apparent authority at the settlement conference.

¶15 The Foundation has never been a party to this litigation, and there is no evidence from which to conclude the Foundation should be bound by discussions in which there was no participation by a designated agent acting on its behalf. Augee did not have express authority as set forth in the email explicitly revoking his authority as a board member in relation to the dissolution and the Foundation's property. Though Wright may have believed that Augee was acting on behalf of the Foundation and was authorized to do so, such a belief would not have been reasonable based on the repeated statements by Augee and the settlement conference judge that made clear Augee was not acting on the Foundation's behalf. Augee's statements did not demonstrate an intentional or inadvertent attempt to induce Wright to believe that he was representing the Foundation.

## CONCLUSION

¶16 For the reasons herein, the decision of the superior court is reversed. Both parties request attorneys' fees and costs pursuant to A.R.S. §§ 12-341, 12-341.01, and 25-324. This appeal does not "aris[e] out of a contract," so § 12-341.01 is not applicable. A.R.S. § 12-341.01. Neither party has shown the other to have acted in such a manner requiring this Court to award mandatory attorneys' fees. A.R.S. § 25-324(B). In its discretion, this

Court denies attorneys' fees. A.R.S. § 25-324(A). As the prevailing party on appeal, this Court awards Augee his costs upon compliance with Ariz. R. Civ. App. P. 21. A.R.S. § 12-341.



AMY M. WOOD • Clerk of the Court
FILED:    AA